ROGERS, APPELLANT, *v.*
KAZEE ET AL., APPELLEES.

(Nos. 82AP-726, -774 and -803—Decided June 16, 1983.)

*Messrs. Redmon, Branham & Sarap* and *Mr. Robert E. Branham,* for appellant.

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek, Mr. Charles N. Myers, Jr.,* and *Mr. James R. Gallagher,* for appellee Eva Campbell.

*Messrs. Houchard & Smith* and *Mr. John Houchard,* for appellee John Kazee.

MCCORMAC, J. Dennis Rogers, plaintiff-appellant, commenced an action in the Franklin County Court of Common Pleas against defendants, John P. Kazee and Eva R. Campbell. Rogers alleged that, on September 19, 1980, at 1:20 a.m., Kazee negligently drove his automobile into a car driven by Rogers proximately causing him injuries and damage to his vehicle. He sought punitive damages based upon Kazee's intoxication. Rogers' cause of action against Campbell was based upon an allegation that Campbell negligently entrusted her vehicle to Kazee.

Defendant Campbell answered denying that she had entrusted her vehicle to Kazee.

Campbell moved for summary judg-

ment, supported by her affidavit and the affidavit of her daughter, Carol Kazee. The depositions of Eva Campbell, Carol Kazee and John Kazee were also submitted to the court to be considered in its ruling upon the motion for summary judgment.

The trial court granted summary judgment for Eva Campbell finding that there was no genuine issue of fact and that Campbell had not entrusted her vehicle to Kazee and, alternatively, that even if Carol Kazee had negligently entrusted the vehicle to her husband, John Kazee, there was no proximate cause as Kazee's use of the vehicle was an intervening and superseding cause.

Kazee consented to a $75,000 judgment against him.

Rogers has appealed the granting of summary judgment in favor of Campbell, asserting, as his first assignment of error, that there were genuine issues of material fact and that Campbell was not entitled to judgment as a matter of law.

A summary judgment shall not be rendered unless it appears from the evidence properly submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C).

There were some conflicts in the testimony of John Kazee, Carol Kazee and Eva Campbell. Those conflicts must be resolved in favor of Dennis Rogers as it is outside the province of summary judgment to resolve issues of credibility. *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App. 2d 78 [60 O.O.2d 171].

Eva Campbell is the mother of Carol Kazee and was the mother-in-law of John Kazee. At the time of the accident, John and Carol Kazee owned two automobiles. On September 18, 1980, one of their automobiles was in a repair shop and the other automobile was used during the day by John Kazee for work. Eva Campbell picked up her daughter, Carol Kazee, to take her to a funeral home; afterwards, Campbell loaned her automobile to Carol to drive home that evening. Carol was to return the automobile to her mother the next morning. Campbell had no discussion with her daughter concerning the use of the car by Carol's husband, John Kazee. Eva Campbell knew that John Kazee had a drinking problem, through a discussion with her daughter, and that he had been convicted of driving a motor vehicle while under the influence of alcohol about three years previous.

When Carol Kazee returned to her home about 6:30 p.m., driving her mother's automobile, John Kazee was there drinking a beer. That was his third beer since leaving work at 5:00 p.m. Shortly thereafter, Carol and John Kazee went to a funeral home. Carol voluntarily gave John the keys to drive her mother's automobile, it being nicer than their car. The trip to the funeral home and back was made without incident and prior to John Kazee being under the influence of alcohol. After the Kazees arrived home, John still had the keys to Campbell's automobile. Although there was disputed testimony, according to John, he then proceeded to drive Campbell's automobile without protest by his wife, allegedly to check the status of the repair of the automobile in the shop. John then proceeded to drink at a bar or bars and collided with Rogers at 1:20 a.m. on September 19, 1980 while John was under the influence of alcohol.

There was evidence that Campbell had allowed her automobile to be driven by John before, without her express permission, but there was no evidence that John had ever operated Campbell's automobile while he was under the influence of alcohol. Campbell had never left the car overnight with the Kazees previously. Campbell had some knowledge that John had driven his own

automobile while under the influence of alcohol.

Campbell expressly entrusted her automobile to her daughter. Her daughter was a licensed operator, as was John Kazee. Campbell had no reason to believe that her daughter would allow John to operate her mother's automobile while John Kazee was under the influence of alcohol, even though there was evidence from which it can be inferred that Carol had implied authority to allow John to drive Campbell's automobile for a family purpose.

The issue is whether a trier of fact could find from this evidence that it was negligent for Campbell to entrust the automobile to her daughter without specifically telling her daughter not to entrust the automobile to her husband, because her husband might operate the automobile while under the influence of alcohol.

Liability for negligent entrustment arises from the act of entrusting a motor vehicle, "* * * with permission to operate the same, to one whose incompetency, inexperience or recklessness is known or should have been known by the owner." *Williamson* v. *Eclipse Motor Lines, Inc.* (1945), 145 Ohio St. 467 [31 O.O. 156], paragraph two of the syllabus.

The entrustment by Campbell of her automobile to her daughter was not negligent unless it is held that she should have known that her daughter might entrust the automobile to Kazee who would then drive it while under the influence of alcohol.

There is evidence from which it can reasonably be inferred that Eva Campbell knew her daughter might allow John Kazee to drive the automobile. According to John's testimony, he had previously driven the automobile for a family purpose without the express permission of Campbell.

There is no evidence that John had ever used his mother's-in-law automobile for other than a family purpose, or that he had ever used it before when he was under the influence of alcohol.

When Eva Campbell entrusted the automobile to her daughter, she did so knowing that the Kazees had a car which was operable and which at that time was being used by John Kazee and presumably would be used by him if he went out on his own, drinking that evening.

Liability can be imposed on a car owner for the negligent actions of an entrustee of the original entrustee if it can be shown that the original entrustment was negligent. *Deck* v. *Sherlock* (1956), 162 Neb. 86, 75 N.W. 2d 99. However, in *Deck,* the owner entrusted his car to a person who had been drinking and was going to a bar to do more drinking with another person who was driving the car in an intoxicated condition when the accident occurred. In *Deck,* the original entrustment was negligent and liability applied for the subsequent negligent entrustment.

The facts in this case significantly differ from the facts of *Deck.* Eva Campbell did not negligently entrust her car to her daughter and was not reasonably on notice as to the possibility of later negligent entrustment. It would be unreasonable and speculative to charge Eva Campbell with negligent entrustment because of the possibility that her daughter, the entrustee, might allow her husband to use the automobile for a non-family purpose, but to go out and become intoxicated, causing an accident. With no past history of misuse or negligent entrustment of Eva Campbell's car by either Kazee, there were insufficient facts to find negligent entrustment without an unwarranted expansion of the doctrine.

As stated in *Elliott* v. *Harding* (1923), 107 Ohio St. 501, at 506, "* * * the courts should not lay down rules whereby owners of cars will fear to lend them to persons competent to use them, and skilled in their use * * *." To allow the trier of fact to find Eva Campbell liable for negligent entrustment of her automobile based upon the fact that a

family member had a drinking and driving problem would potentially make anyone loaning their car to a competent driver liable for the misuse of the car by the other family member, even though there was no previous indication that the other family member had misused any car other than his own. Undoubtedly, John Kazee would have been driving his own car for the same purpose and in the same manner had the Campbell car not been available. Parenthetically, it is noted that the question of the application of Campbell's liability insurance to John Kazee is a different issue than the issue of Eva Campbell's personal liability for negligence.

Construing the facts most favorably to plaintiff, defendant Eva Campbell was entitled to summary judgment.

Plaintiff also asserts that the trial court committed prejudicial error in refusing to compel Eva Campbell to produce statements recorded by Eva Campbell's insurance company by telephone from her and her daughter from which the affidavits attached to their motion for summary judgment were prepared.

Plaintiff served a request to inspect the statements, pursuant to Civ. R. 34, with the response time designated as January 12, 1982. Defendant Campbell did not move for a protective order within that time period. On January 20, 1982, plaintiff moved the court to compel discovery. In response to that motion, defendant Campbell belatedly moved for a protective order, asserting that the statements sought were trial preparation materials which, pursuant to Civ. R. 26(B)(3), were discoverable only upon a showing of good cause therefor. Defendant asserted that no good cause had been shown since Carol Kazee and Eva Campbell had answered all of plaintiff's questions when their depositions were taken.

The trial court sustained the belated motion for a protective order and overruled the motion to compel discovery and to allow attorney's fees.

Civ. R. 37(D) states, as pertinent, as follows:

"(D) * * * If a * * * person * * * fails * * * (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, * * *. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure * * *.

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C)."

Even though a protective order was not timely sought, it was within the discretion of the trial court, pursuant to Civ. R. 37(D), to make a just order which would include holding that discovery was inapplicable because good cause was not shown for production of the statement pursuant to Civ. R. 26(B)(3). However, it is mandatory in that instance that the court require the party failing to act or the attorney advising him, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure to act. Plaintiff sought $75 attorney's fees which are reasonable. The motion to compel discovery was occasioned by the failure of defendant to seek a protective order in a timely fashion. Hence, the trial court erred in not allowing plaintiff $75 for reasonable expenses, including attorney's fees.

Plaintiff's second assignment of error is sustained to the extent that the trial court should order Eva Campbell's attorney to pay $75 attorney's fees for failure to timely respond to the written request for inspection submitted under Civ. R. 34. The expense order is assessed against the attorney as obviously Eva Campbell had no knowledge of the Civil Rule requirements in regard to opposing requests for inspection.

Plaintiff's second assignment of error is partially sustained and partially overruled.

Plaintiff's first assignment of error is overruled. Plaintiff's second assignment of error is sustained to the extent that the trial court is ordered to amend its judgment to order Eva Campbell's attorney to pay appellant $75 in expenses. The case is remanded to the trial court for further procedure consistent with this opinion.

*Judgment partially affirmed, partially reversed and case remanded.*

STRAUSBAUGH and NORRIS, JJ., concur.