McCARTY, Appellant,

v.

LYNN et al., Appellees.

[Cite as *McCarty v. Lynn* (1990), 67 Ohio App.3d 369.]

Court of Appeals of Ohio,
Marion County.

No. 9-88-29.

Decided April 18, 1990.

*Wilson & Kochheiser Co., L.P.A.,* and *Robert E. Wilson,* for appellant.

*Sauter & Hohenberger* and *George V. Sauter,* for appellee, Richard E. Fox, Sr.

*Piacentino & Piacentino Co., L.P.A.,* and *C. Michael Piacentino,* for appellee, Terri M. Lynn.

*Robert C. Nemo,* for appellee, Richard E. Fox, Jr.

---

MILLER, Judge.

This is an appeal by plaintiff, Sandra McCarty, from a judgment of the Court of Common Pleas of Marion County, granting summary judgment for the defendant, Richard E. Fox, Sr.

In October 1985, Richard E. Fox, Sr. was the registered owner of a 1976 Pontiac Firebird. During that month, possibly three or four days prior to the accident, defendant, Richard E. Fox, Jr., paid Richard E. Fox, Sr. the sum of $3,000, which was purportedly to purchase the vehicle. However, the certificate of title to the vehicle had not been transferred at the time of the incidents set forth hereinafter.

It is undisputed that on October 17, 1985, defendant, Richard E. Fox, Jr., gave permission to his sister, Terri M. Lynn, to drive the vehicle for the purpose of giving a ride to his brother, Robert Fox. Defendant, Terri Lynn, drove both Robert Fox and the plaintiff to the Time Out Lounge in Marion, Ohio. After leaving the lounge the defendant, Terri Lynn, while operating the vehicle, lost control of the vehicle and crashed into a tree thereby injuring the plaintiff.

In her complaint plaintiff named as defendants Richard E. Fox, Sr., Richard E. Fox, Jr., and Terri Lynn. Plaintiff alleged that defendant, Richard E. Fox, Sr., was the owner of the vehicle and negligently entrusted defendant, Richard E. Fox, Jr., with the use of the vehicle and that Richard E. Fox, Jr. negligently entrusted Terri Lynn with the use of the vehicle. Plaintiff sought compensatory damages in the amount of $170,000 and punitive damages in the amount of $75,000.

Defendants answered and defendant, Richard E. Fox, Sr., subsequently filed his motion for summary judgment. The court in its June 23, 1988 Opinion and Order stated in part:

"The Motion of the defendant, Richard E. Fox, Sr., for summary judgment came on for consideration by the Court on the pleadings, affidavit and depositions of the parties.

"The motion of the defendant must be granted for the following reasons:

"First, this case is governed by R.C. 1302.42(B), U.C.C. 2–401 and the analysis of the Ohio Supreme Court in *Smith v. Nationwide Mut. Ins. Co.*, 37 Ohio St.3d, 150 [524 N.E.2d 507] (1988).

"Applying the law as pronounced in *Smith v. Nationwide*, Richard E. Fox, Jr. was the owner of the automobile being operated by the defendant, Terri Lynn, at the time of the accident on October 17, 1985. Richard E. Fox, Sr. had surrendered possession of the automobile to his son, Richard Jr. and Richard Jr. had paid Richard Sr. the sum of $3,000.00 for the automobile sometime prior to October 17, 1985. The fact that the title to the automobile had not yet been transferred is not controlling.

"Second, it is evident that Terri Lynn had been operating the automobile with full knowledge that the steering was defective and was losing hydraulic fluid. Furthermore she was informed by her brother, Richard Fox, Jr. that the steering wasn't right, 'after the guys had worked on it'. Her conduct and that of her brother, Richard Fox, Jr., would be competent and efficient intervening or superseding cause of the accident. There is no evidence that Richard Fox, Sr. was aware that the steering was defective.

"Third, the Amended Complaint is based on negligent entrustment. There are no allegations in the Amended Complaint of implied warranty of fitness or that Richard Fox, Sr. knew of a defect in the automobile and failed to foresee or to warn Richard, Jr., the purchaser, of any defective condition of the automobile.

"The Court therefore finds that there is no genuine issue of any material fact as against Richard Fox, Sr. and it is ORDERED that the Amended Complaint be and hereby is dismissed against him at plaintiff's costs.

"The Court further finds that there is no just reason for delay pursuant to C.R. 54(B)."

Plaintiff appeals, setting forth two assignments of error.

■ Assignment of error number one:

"The trial court erred in holding that defendant Fox, Jr. was the owner of the motor vehicle being operated by defendant Lynn at the time of the accident on October 7, 1985."

R.C. 4505.04 as it pertains to this matter provided in pertinent part:

"No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until such person has had issued to him a certificate of title to the motor vehicle, or delivered to him a manufacturer's or importer's certificate for it * * *."

However, in *Smith v. Nationwide Mut. Ins. Co.* (1988), 37 Ohio St.3d 150, 153, 524 N.E.2d 507, 509, the court stated:

" * * * it is apparent that R.C. 4505.04 is irrelevant to all issues of ownership except those regarding the importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership. Otherwise, motor vehicle ownership rights will be determined by the Uniform Commercial Code. * * * Thus, we hold that the criteria found in R.C. 1302.42(B), and not the Certificate of Title Act, identify the owner of a motor vehicle for purposes of determining insurance coverage in case of an accident. * * * "

We conclude from that case that the Uniform Commercial Code is applicable to the case at hand.

R.C. 1302.42(B), UCC 2–401, provides:

"Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place * * *."

In this case, the court granted summary judgment based on the affidavit and deposition of defendant, Richard R. Fox, Sr., and the deposition of defendant, Terri Lynn.

In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46, the Supreme Court stated at 66, 8 O.O.3d at 74, 375 N.E.2d at 47:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Id.*

Concerning the ownership of the vehicle at the time of the accident, we find that the record indicates that there is a genuine issue of material fact. The defendant, Richard E. Fox, Sr., testified in his deposition in pertinent part:

"Q The motor vehicle, except for the transfer of the title, was his motor vehicle?

" * * *

"A   With the, with the exception of the transferring of the title, I didn't feel—he felt, you know, after this occurred, that's the reason he took the car without saying anything to me.   He felt the car was his due to the fact he gave me the money for it.

"Q   Did you feel the car was his?

" * * *

"A   No.

"Q   And why did you not feel the car was his?

"A   Because of the title transfer.

"Q   Did he have a set of keys to the car?

"A   No.

" * * *

"Q   Did he have permission to use the Firebird?

"No."

The testimony of the defendant, Richard E. Fox, Sr., in both his deposition and affidavit indicates that he had no intent to transfer ownership of the vehicle to his son before there was a transfer of the certificate of title. Further, pursuant to R.C. 1302.42(B) there is the requirement that performance be completed with reference to the physical delivery of the good.   In this situation, defendant testified that he did not deliver the keys of the vehicle to his son at the time payment was made, nor was there any indication that the vehicle itself was physically delivered.

Therefore, construing the evidence most strongly in favor of the plaintiff, we conclude that a genuine issue of material fact exists as to ownership of the vehicle at the time of the accident and the trial court erred in finding as it did on that issue.

■   However, ownership alone of the vehicle without a showing of actual or imputed negligence on the part of the owner will not create liability.

Here plaintiff alleges that Richard E. Fox, Jr., had the express or implied permission of Richard E. Fox, Sr. to drive the vehicle;  that Terri M. Lynn was acting as agent of Richard E. Fox, Jr., that Richard E. Fox, Sr. was negligent in entrusting Richard E. Fox, Jr. with the use of the vehicle, and that Richard E. Fox, Jr. was negligent in entrusting Terri M. Lynn with the use of the vehicle.

There is no allegation that Terri M. Lynn was acting as an agent of Richard E. Fox, Sr., nor is there any evidence to support such an allegation had same been made.

Paragraph three of the syllabus of *Gulla v. Straus* (1950), 154 Ohio St. 193, 42 O.O. 261, 93 N.E.2d 662, provides:

"The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury."

■ Such liability of the owner is not based upon ownership or agency, but upon the combined negligence of the owner and driver; the owner in entrusting the vehicle to an incompetent driver, and the negligence of the driver in its operation. *Williamson v. Eclipse Motor Lines, Inc.* (1945), 145 Ohio St. 467, 31 O.O. 156, 62 N.E.2d 339; *Elliott v. Harding* (1923), 107 Ohio St. 501, 140 N.E. 338.

In *Rogers v. Kazee* (1983), 10 Ohio App.3d 139, 141, 10 OBR 190, 192, 460 N.E.2d 1149, 1152, the court addressed the issue of subsequent entrustees of the original entrustee as follows:

"Liability can be imposed on a car owner for the negligent actions of an entrustee of the original entrustee if it can be shown that the original entrustment was negligent.   * * * "

■ Here there is no evidence as to the inexperience or incompetency of Richard E. Fox, Jr., and thus no evidence of negligent entrustment of the vehicle to him by Richard E. Fox, Sr.  Additionally there is no evidence of any entrustment by Richard E. Fox, Sr. of the vehicle to Terri M. Lynn.

We finally conclude that despite the existence of a genuine issue as to ownership of the vehicle by Richard E. Fox, Sr., there is no genuine issue as to his liability and the trial court properly entered summary judgment in his favor.

Assignment of error number one is not well taken.

Assignment of error number two:

"The trial court erred in granting defendant Fox, Sr.'s motion for summary judgment when there was testimony that the 1976 Pontiac Firebird had a steering defect and this defect caused the motor vehicle accident."

■ Plaintiff contends that the defendant, Richard E. Fox, Sr., as owner of the vehicle in question, knew or should have known that there was a defect in the steering mechanism.

The evidence properly before the trial court on the motion for summary judgment would indicate that defendants, Richard E. Fox, Jr. and Terri M. Lynn, knew of such a defect.  However, although Richard E. Fox, Sr. had

knowledge of two trips to Columbus by Richard E. Fox, Jr. and Terri M. Lynn, there was no evidence which would indicate an issue of fact as to whether defendant, Richard E. Fox, Sr., had actual knowledge or constructive knowledge of the steering defect. In addition, the plaintiff in her amended complaint failed to allege that the defendant, Richard E. Fox, Sr., either knew or should have known of the defect.

We conclude that there was no genuine issue of material fact concerning the defendant's knowledge or constructive knowledge of a steering defect in the automobile, that reasonable minds can come to but one conclusion which is adverse to the plaintiff and that defendant was entitled to judgment as a matter of law on this issue.

Assignment of error number two is not well taken.

Finding no error of the trial court as assigned and argued, we affirm the trial court's judgment.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.