OPINION
Plaintiff-appellant, Vickie Paxton, commenced this action in the Butler County Court of Common Pleas claiming damages for the wrongful death of her son, William Paxton, in an accident which occurred on July 11, 1995. Defendants-appellees, Glenn J. Ruff, Inc., and Michael, Cornelia and Tracey Burns, thereafter filed third-party complaints against Nicholas Lerch and his mother, Beverly Brummett, and the plaintiff subsequently added Nicholas Lerch as another party defendant in the action. On March 28, 1997, the trial court awarded summary judgment to all defendants and third-party defendants, and on April 18, 1997, Ms. Paxton perfected her appeal to this court.
According to the facts, as developed by extensive evidence, Michael Burns was president and the sole shareholder of Glenn Ruff, Inc., a grading and excavation business, when he purchased a Suzuki, 160cc, four-wheel, all-terrain vehicle ("ATV") for business and personal use. Burns bought the ATV in the name of the corporation with a corporate check, and he signed a statement that he had read a handbook and manual which described the inherent dangers of the vehicle and which warned that persons under sixteen years of age should not ride an ATV with over a 90cc motor.
While Mr. Burns had not been favored with any formal safety instructions, he was familiar with the operation of the vehicle, and he showed his daughter, Tracey, how to drive the ATV. Among other things, he instructed her to always wear a helmet, and to always ask for permission from her parents before riding the vehicle. In fact, Tracey had been disciplined in May 1995 for riding the ATV without permission and without a helmet, and she had been advised by her father never to allow others to ride the vehicle. However, Burns permitted his daughter to ride in tandem fashion on the ATV with him as well as with her older sister.
Although titled to Glenn Ruff, Inc., the ATV was kept in the garage at the Burns' home through the winter of 1994, and it remained there until the accident in July 1995. Ordinarily, the keys to the ATV were kept in a drawer in a kitchen cabinet, in a box in a bedroom dresser, or in the ignition of the vehicle, but there is some inconsistency in the evidence as to where the keys were located prior to the unfortunate accident.
As a routine matter, Tracey Burns was not permitted to have boys at her house without the presence or permission of her parents, and by the same token, Billy Paxton was not allowed to go to a girl's home without permission and in the absence of any parent or adult. However, in June 1995, Billy and his friend, Nick Lerch, went to Tracey's house when no adult was present, and both Billy and Tracey drove the ATV. On that date, they returned the vehicle to the garage, and neither Michael nor Cornelia Burns ever knew that the boys were there or that the ATV had been driven. At the time, all three, Billy, Nick and Tracey were fourteen years of age.
As shown by the depositions and affidavits, and as observed by the common pleas court, the record further discloses that on July 11, 1995, the date of the alleged wrongful death, Billy called his mother, Vickie Paxton, at work, stating that Tracey's mother, Cornelia Burns, would be at home and requesting permission to go to Tracey's house. Ms. Burns was apparently not at home when Billy and Nick arrived, nor at any time prior to the accident, but after arriving, Billy asked to ride the ATV. At that point, and in violation of previous orders and admonitions, Tracey rode the ATV out of the garage, gave both of her friends a demonstration ride, showed each of them how to use the gears and brakes, and then permitted Billy and Nick to ride the vehicle without her. During the instructions, neither of the boys nor Tracey wore any protective gear.
Initially, Billy drove the ATV with Nick as a passenger, but then Nick drove with Billy as the passenger. As Nick was driving, he lost control and flipped the ATV, thus causing serious injuries to both passengers. Billy died three hours later.
In the present appeal, appellant, Vickie Paxton, has set forth four assignments of error as follows:
Assignment of Error No. 1:
 The trial court erred in granting summary judgment in favor of defendants, Michael Burns and Cornelia Burns.
Assignment of Error No. 2:
 The trial court erred in granting summary judgment in favor of defendant, Tracey Burns.
Assignment of Error No. 3:
 The trial court erred in granting summary judgment in favor of defendant, Glenn J. Ruff, Inc.
Assignment of Error No. 4:
 The trial court erred in granting summary judgment in favor of defendant, Nicholas Lerch.
In order to prevail on a motion for summary judgment, as observed in a myriad of cases and under a variety of circumstances, the movant has the initial burden of demonstrating that there is no genuine issue of material fact remaining to be litigated, that it is entitled to judgment as a matter of law, and that it appears from the evidence, when viewed most strongly against the movant, that reasonable minds could come to but one conclusion and that such conclusion is adverse to the nonmoving party. Civ.R. 56(C). See Petrey v. Simon (1984), 19 Ohio App.3d 285. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. See Dresher v. Burt (1996), 75 Ohio St.3d 280. See, also, Mitseff v. Wheeler (1988),38 Ohio St.3d 112.
With reference to the first assignment of error, which relates to the summary judgment granted to Michael and Cornelia Burns, appellant describes the ATV, which was owned by Glenn J. Ruff, Inc., as a dangerous instrumentality, but such vehicles, while accident prone, were not designed to purposefully do injury during ordinary use, and the Supreme Court has defined an "inherently dangerous instrumentality" as an instrument or machine that by its very nature or design is calculated to do injury. Centrello v. Basky (1955), 164 Ohio St. 41. Likewise, this court has held that a motorcycle, which had a similar potential for misuse, was not an inherently dangerous instrumentality. Whitaker v. Davis (Jan. 27, 1997), Warren App. No. CA96-07-060, unreported. Hence, the duty owed by Mr. and Mrs. Burns to the decedent, Billy Paxton, was to use ordinary care under all of the existing circumstances. And under the law of negligence, such duty depends upon the legal relationship between the parties and the foreseeability of injuries.
In this regard, and after construing all of the evidence most favorably to appellant, the blame for the accident cannot be reasonably imposed upon Michael and Cornelia Burns. On the contrary, all of the young people, Tracey, Billy and Nick, were ordered to refrain from visitation when no adults were at their homes, and Tracey was specifically ordered to refrain from the use of the ATV during the absence of her parents. To be sure, the Burns did not either directly or impliedly give permission to Billy Paxton or Nick Lerch to ride the vehicle, and they had forbidden their daughter, Tracey, to allow them to use the ATV for any purpose. In fact, the Burns were not at home at the time of the accident, and they had no knowledge or any reason to believe, that Tracey had disobeyed their orders. Furthermore, no actionable negligence can be reasonably attached to the storage of the ATV in the Burns' garage, or their failure to hide the keys to the vehicle. Moreover, the evidence alludes to no act of either omission or commission by the Burns from which injury might have been foreseeable. While appellant places considerable emphasis upon the warnings given to the Burns when they purchased the vehicle, such knowledge could not have changed the picture which developed on July 11, 1995.
At common law, a parent was not liable for damages caused by a child's wrongful conduct (McGinnis v. Kinkaid [1981], 1 Ohio App.3d 4), but in the case of Huston v. Konieczny (1990), 52 Ohio St.3d 214, the Supreme Court recognized three situations where parents might incur liability: (1) when they negligently entrust their child with an instrumentality which becomes a source of danger; (2) when they know of the child's wrongdoing and consent to it, direct it, or sanction it; and (3) when they fail to exercise reasonable control over the child when the parent knows, or should know, that injury to another is a probable consequence.
Here, the Burns did not provide Tracey, or make available to Billy and Nick, a dangerous instrumentality. Nor did they direct or sanction any of their previous escapades. And upon the record presented herein, including the extensive testimony submitted by way of deposition, neither can it be said that the accident was a probable and foreseeable consequence of any parental negligence. In spite of the severe restrictions, therefore, which must be imposed in summary judgment proceedings, reasonable minds could only conclude that Michael and Cornelia Burns were not legally responsible for the fatal accident. Thus, the first assignment of error is overruled.
The second assignment of error, which attaches liability to Tracey Burns, is based upon a theory of negligent entrustment. In other words, the appellant claims that Tracey Burns negligently entrusted the ATV to Billy Paxton and Nick Lerch, but in the comparatively recent case of Whitaker v. Davis, supra, which has many characteristics similar to those of the present case, this court held that the elements of negligent entrustment contemplate (1) that the defendant is the owner of the vehicle; (2) that the defendant knowingly entrusted the vehicle to another person; and (3) that the person is inexperienced or an incompetent operator whose negligent operation results in injury. See, also, Gulla v. Straus (1950), 154 Ohio St. 193.
Here, the evidence discloses that Tracey, Billy, and Nick had been swimming in the Burns' pool in June 1995 in violation of parental instructions, and were sitting in lawn chairs around the pool when Billy suggested that they take a ride on the "fourwheeler." At first, Tracey refused because she was fearful that her mother would be coming home, but after two or three requests, Tracey and Billy went into the garage to get the ATV. At the time, Tracey advised Billy and Nick that she would be "in trouble" and "grounded" if her parents discovered that they had visited her house and rode the vehicle.
Later in June or in the early part of July, Billy told Nick that his mother, Vickie Paxton, was going to give him a dirt bike for his birthday on July 15, 1995, and that they had been to the Suzuki dealership looking at them. However, on July 11, 1995, after Mrs. Burns had gone to work, Nick and Billy visited Tracey at her home where Billy asked Tracey two or three times if he could ride the four-wheeler. Nick and Billy had to move some boxes so that Tracey could get the vehicle out of the garage, and thereafter, they all took turns riding the ATV. With Nick driving and Billy to his back, the vehicle apparently hit a bump thus causing the accident and injuries.
In some situations, the owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly entrusts its operation to an inexperienced or incompetent operator whose negligence results in injuries. See Gulla v. Straus (1950), 154 Ohio St. 193. However, as heretofore indicated, liability for negligent entrustment attaches only to the owner of the vehicle. Whitaker v. Davis, supra. And to be sure, liability for negligent entrustment has no application where none of the parties involved has any right or authority, under all of the circumstances, to use the motor vehicle. See Rogers v. Kazee (1983), 10 Ohio App.3d 139.
Furthermore, the evidence supports the argument of the appellee that Billy was engaged in a recreational activity, and that he had knowledge of the inherent risks which attend the operation of an all-terrain vehicle. In fact, the ATV which Tracey, Billy, and Nick were riding without permission in this case had warnings posted on it which warned riders of the dangers involved in its normal use. And the evidence does not otherwise provide any basis for imposing a duty upon Tracey to supervise Billy, both being only fourteen years of age. See Whitaker v. Davis, supra. Here, the evidence reflects no recklessness on the part of any one of the participants in the dangerous activity which was not common to all three of them, and accordingly, the second assignment of error is overruled.
The third specification of error is based upon an allegation that the defendant, Glenn C. Ruff, Inc., was liable for the alleged wrongful death, but this corporate defendant was no more vulnerable to liability than Michael and Cornelia Burns, who had refused to allow boys on the premises when no adult was present, and who had forbidden Tracey any permission to ride the ATV during their absence from the premises. The undisputed evidence before the trial court shows that both Billy and Nick knew that their use of the vehicle for recreational purposes was not only unauthorized, but in direct violation of orders directed to Tracey and thereafter relayed to Billy and Nick. Therefore, both Billy and Nick must be deemed to have assumed the risks of their actions.
While some onlookers might surmise that the mere ownership of an all-terrain vehicle is a form of negligence, such evidence was not alone sufficient to implicate Glenn C. Ruff, Inc. in the scenario which produced the accident. Accordingly, the third assignment of error is overruled.
The fourth and last assignment of error alludes to the summary judgment entered in favor of Nick Lerch, but the evidence discloses that Nick and Billy, while riding the ATV, were participants in a recreational activity. However, the evidence does not additionally show, under the facts and circumstances of this case, that Nick's conduct was either "reckless" or "intentional," as those terms have been defined in law. Marchetti v. Kalish (1990), 53 Ohio St.3d 95. See, also, Thompson v. McNeill (1990), 53 Ohio St.3d 102.
As shown by the record, Billy and Nick had been friends for some time. They had discussed four-wheelers and dirt bikes, and each was familiar with the other's limited experience with allterrain vehicles. In other words, each of the riders of the ATV knew of the built-in risks of operating the vehicle on the day of the accident, and both Nick and Billy assumed responsibility for the activities which resulted in their injuries. Moreover, since only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action, the evidence against Nick was inadequate to create a genuine factual issue. The fourth assignment of error is overruled.
As observed in many cases, and under a variety of circumstances, a serious accident alone, without some real evidence of fault, is not sufficient to suggest or to show negligence, much less intentional or reckless conduct, and after construing all of the evidence in this case most favorably to the plaintiff, Vickie Paxton, we still perceive no valid reason to depart from the comprehensive analysis and conclusion of the common pleas court.
Accordingly, the judgment must be affirmed.
YOUNG, P.J., and POWELL, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.