DECISION AND JUDGMENT ENTRY
{¶ 1} Scott Fleenor appeals the trial court's decision granting appellee Jeff Caudill's Civ.R. 60(B) motion for relief from judgment. He asserts that the court erroneously concluded that appellee satisfied the requirements for Civ.R. 60(B) relief and that the court improperly permitted appellee to use Civ.R. 60(B) as a substitute for appeal. However, because the trial court's decision is not a final appealable order, we do not reach the merits of appellant's assignments of error.
 {¶ 2} In February of 2001, appellant filed a complaint against appellee for violating the Consumer Sales Practices Act. Appellant requested the trial court to award him $2,207.73 in damages. Appellee filed an answer denying that he violated the CSPA.
 {¶ 3} In October of 2001, appellant filed a Civ.R. 37 motion requesting the trial court to order appellee to answer interrogatories and to produce documents. Appellant further requested that the court order appellee to pay his attorney fees connected with the motion.
 {¶ 4} The court subsequently granted appellant's motion. In its entry, the court stated that "the matter of [appellant]'s attorney's fees shall be considered by this Court at the time of the first pre-trial at this action or at the hearing on any further motion arising out of controversies relating to discovery, which ever occurs first."
 {¶ 5} In December of 2001, appellant filed a Civ.R. 37(B)(2)(c) motion for default judgment due to appellee's failure to comply with the court's discovery order.
 {¶ 6} On February 19, 2002, the trial court granted appellant's motion for default judgment and awarded appellant $2,207.73 in damages. The trial court did not rule on the attorney fee issue.
 {¶ 7} In December of 2002, appellee filed a Civ.R. 60(B) motion for relief from judgment. In his motion, appellee claimed that appellant "committed egregious error" by filing the motion for default judgment. Appellee argued that Civ.R. 55(A) did not permit the entry of default because he had entered an appearance in the case. He further argued that to the extent appellant sought Civ.R. 37 sanctions, the court should have first held a hearing to determine the appropriateness of sanctions.
 {¶ 8} On March 5, 2003, the trial court granted appellee's Civ.R. 60(B) motion. The court decided to set aside its decision granting appellant a default judgment because appellee's failure to comply with the discovery order was not willful.
 {¶ 9} Appellant timely appealed the trial court's decision and raises the following assignments of error: "First Assignment of Error: The trial court erred in granting a motion for relief from judgment which was submitted as a substitute for appeal. Second Assignment of Error: The trial court erred in granting a motion for relief from judgment which was submitted without any of the bases required by civil rule 60(B). ThirdAssignment of Error: The trial court erred in setting aside a default judgment properly granted under Civil Rule 37(B)(2) after appellee had repeatedly failed to respond to discovery requests and had failed to comply with the trial court's order to comply with the discovery requests."
 {¶ 10} Before we can address the merits of appellant's assignments of error, we first must consider whether the trial court's March 5, 2003 entry is a final appealable order. An order must be final before an appellate court can review it. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03(A); Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, 87, 541 N.E.2d 64. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. See, e.g., Whittington v. Kudlapur
(July 25, 2001), Hocking App. No. 01CA1.
 {¶ 11} "A final [order] determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings." Id. (citations omitted). "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." Bell v. Horton (2001), 142 Ohio App.3d 694,696, 756 N.E.2d 1241.
 {¶ 12} A trial court's decision regarding a proper Civ.R. 60(B) motion is final and appealable. See GTE Automatic Electric v. ARCIndustries (1985), 47 Ohio St.2d 146, 351 N.E.2d 113. However, a Civ.R. 60(B) motion is proper only with respect to final judgments. See Vanestv. Pillsbury Co. (1997), 124 Ohio App.3d 525, 532, 706 N.E.2d 825; see, also, Civ.R. 60(B) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *.") (emphasis added); Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 78, 486 N.E.2d 99. Thus, logically, "Civ.R. 60(B) is not the proper procedural device a party should employ when seeking relief from a non-final order." Vanest v. Pillsbury Co. (1997),124 Ohio App.3d at 532-533.
 {¶ 13} If the judgment from which the moving party seeks relief is not final, then the motion is properly construed as a motion to reconsider and the court's order granting that motion is interlocutory. See Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378,423 N.E.2d 1105; Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525,534, 706 N.E.2d 825; Wolford v. Newark City School Dist. Bd. of Edn.
(1991), 73 Ohio App.3d 218, 596 N.E.2d 1085; Pinson v. Triplett (1983),9 Ohio App.3d 46, 458 N.E.2d 461; see, also, State v. Huff (Jan. 31, 1994), Scioto App. No. 2118 (Stephenson, J., concurring) ("[W]hen an order is not a final appealable order, the order declining to vacate that order is not a final appealable order."). Interlocutory orders are not appealable until the trial court renders a final judgment. See, e.g.,Vanest, supra.
 {¶ 14} In this case, the court's February 19, 2001 order is interlocutory because the court did not resolve the attorney fee issue.
 {¶ 15} When a court imposes sanctions under Civ.R. 37(B), the court must "require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." See, also, Rogers v. Kazee (1983),10 Ohio App.3d 139, 142, 193-194, 460 N.E.2d 1149; Bobko v. Sagen
(1989), 61 Ohio App.3d 397, 413, 572 N.E.2d 823. Civ.R. 37 mandates an order of reasonable expenses unless the trial court makes an express finding indicating otherwise. Soloman v. Excel Marketing, Inc. (1996),114 Ohio App.3d 20, 27, 682 N.E.2d 724. Absent an express finding that the failure to comply was substantially justified or that other circumstances would make an award unjust, the trial court must award reasonable expenses. Id. at 28; Bobko v. Sagen (1989), 61 Ohio App.3d 397,413, 572 N.E.2d 823; Babb v. Ford Motor Co. (1987), 41 Ohio App.3d 174,180, 535 N.E.2d 676; Rogers v. Kazee (1983), 10 Ohio App.3d 139, 142,460 N.E.2d 1149; Bilikam v. Bilikam (1982), 2 Ohio App.3d 300,441 N.E.2d 845.
 {¶ 16} Moreover, a judgment deferring final adjudication of a request for attorney fees is not a final appealable order,[1] and neither is a judgment awarding such fees but deferring adjudication of the amount.[2]
 {¶ 17} Reading these two propositions together, we therefore conclude that a trial court's ruling on a Civ.R. 37(B)(2) sanction is not a final appealable order until the court rules on the attorney fee issue. The court either must award attorney fees or "expressly find
that the failure was substantially justified or that other circumstances make an award of expenses unjust."
 {¶ 18} Here, appellant requested the court to award him attorney fees, and the trial court never ruled on the issue. Moreover, Civ.R. 37(B)(2) required the court to assess attorney fees unless the court expressly found that appellee's failure to comply with the discovery orders "was substantially justified or that other circumstances make an award of expenses unjust the circumstances did not require it." Because the court did not rule on the attorney fee issue, the court's February 19, 2001 entry does not entirely dispose of the case. Therefore, the February 19, 2001 entry is not a final appealable order. Because that entry was not final, appellee's Civ.R. 60(B) motion was not the proper procedural device for obtaining relief. Nonetheless, we construe the motion as a motion to reconsider. Doing so then leads us to conclude that the court's entry granting appellee's motion is interlocutory, and, thus, not appealable.
APPEAL DISMISSED.
Abele, J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment and Opinion.
[1] See Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. ofEdn. (1993), 87 Ohio App.3d 840, 843, 623 N.E.2d 232; Vannoy v. CapitalLincoln-Mercury Sales, Inc. (Jun. 1, 1993), Ross App. Nos. 1868 
1871; Baker Industrial Equip. Inc. v. Osair, Inc. (Jan. 9, 1991), Summit App. No. 14704, unreported; Russ v. TRW, Inc. (Feb. 2, 1989), Cuyahoga App. No. 54973.
[2] See Cole v. Cole (Nov. 8, 1993), Scioto App. No. 93CA2146; Pickensv. Pickens (Aug. 27, 1992), Meigs App. No. 459; State ex rel. VanMeterv. Lawrence Co. Bd. of Commrs. (Aug. 25, 1992), Lawrence App. No. 91CA25; Baker v. Eaton Corp. (Dec. 10, 1990), Stark App. No. CA-8235.