DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Gerald Stephens sued Timothy and Thomas Deighan. Timothy Deighan obtained a leave to move or plead to the complaint. Before that leave had expired, the trial court granted Mr. Stephens a default judgment against him. Mr. Stephens and Timothy Deighan then jointly moved to vacate the default judgment, but the trial court refused to rule on their joint motion because Thomas Deighan had filed a notice of bankruptcy and suggestion of stay. Timothy Deighan has attempted to appeal to this Court in order to argue that the trial court incorrectly entered default judgment against him and incorrectly refused to rule on the joint *Page 2 
motion to vacate. This Court dismisses his attempted appeal because neither order from which he has attempted to appeal was a final, appealable order.
 I. {¶ 2} On July 11, 2006, Mr. Stephens filed a two-count complaint against Timothy and Thomas Deighan. By the first count, he alleged that Timothy had defaulted on a loan agreement, and, by the second count, he alleged that Thomas had defaulted on a separate loan agreement.
 {¶ 3} On August 18, 2006, Timothy filed a document with the trial court in which he certified that he had not taken a prior leave and, thereby, under Rule 7.13(A) of the Summit County Local Rules, received a 21-day extension within which to move or plead through September 11, 2006. On August 28, 2006, Thomas filed a notice of bankruptcy and suggestion of stay. On August 30, 2006, Mr. Stephens filed an application for default against Timothy, which the trial court granted the following day, August 31, 2006. On September 8, 2006, Mr. Stephens and Timothy jointly moved the trial court to vacate the default judgment against Timothy. That same day, the trial court refused to vacate the default judgment against Timothy because of Thomas's notice of bankruptcy:
 A suggestion of bankruptcy stay was filed on August 28, 2006. Unless and until the stay is lifted, the Court has no authority to render any judgment or rule upon any motion. *Page 3 
 {¶ 4} Timothy has attempted to appeal to this Court in order to argue that the trial court incorrectly granted Mr. Stephens' application for default and incorrectly refused to vacate the default judgment against him.
 II. A. {¶ 5} The first argument Timothy wishes to present on appeal is that the trial court incorrectly granted Mr. Stephens's application for default judgment. Rule 54(B) of the Ohio Rules of Civil Procedure provides that an order that disposes of fewer than all the claims or fewer than all the parties in a case is not final unless it includes a determination that "there is no just reason for delay":
 When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The trial court's order granting Mr. Stephens default judgment against Timothy did not dispose of his claim against Thomas and did not include a determination that there was no just reason for delay. Accordingly, it is not a final, appealable order and, to the extent Timothy wishes to challenge it on appeal, his appeal must be dismissed. *Page 4 
 B. {¶ 6} The second argument that Timothy wishes to present on appeal is that the trial court incorrectly refused to vacate the default judgment against him. A ruling on a motion to vacate an order that is not a final, appealable order is also not a final, appealable order. SeeFleenor v. Caudill, 4th Dist. No. 03CA2886, 2003-Ohio-6513, at ¶ 13. Accordingly, to the extent Timothy wishes to challenge the trial court's refusal to vacate the default judgment against him, his appeal must be dismissed.
 III. {¶ 7} The orders Timothy wishes to challenge on appeal are not final, appealable orders. Accordingly, his attempted appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 5 
Costs taxed to appellant.
 SLABY, P. J. CARR, J. CONCUR *Page 1