[Cite as *Rojas v. Concrete Designs, Inc.*, 2017-Ohio-379.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103418 and 103420**

# JOSHUA ROJAS, ET AL.

PLAINTIFFS-APPELLEES

vs.

# CONCRETE DESIGNS, INC., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-12-795422 and CV-12-795474

**BEFORE:** Stewart, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 2, 2017

**ATTORNEYS FOR APPELLANTS**

**For Concrete Designs, Inc., et al.**

Clifford C. Masch
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Ave., West
Cleveland, OH 44115

**For Westfield Insurance Co.**

John J. Haggerty
Nicholas A. Salter
Fox Rothschild L.L.P.
2700 Kelly Rd., Suite 300
Warrington, PA 18976

**ATTORNEYS FOR APPELLEES**

**For Joshua Rojas**

Patrick Merrick
Steuer Escovar Berk & Brown, Co., L.P.A.
14701 Detroit Road, Suite 455
Lakewood, OH 44107

Kathleen St. John
David M. Paris
Andrew R. Young
Thomas Mester
Nurenberg, Paris, Heller & McCarthy Co., L.P.A.
600 Superior Ave., East, Suite 1200
Cleveland, OH 44114

**For Kiara E. Torres**

John M. Gundy
Stephen J. Tylman
The Gundy Law Firm
6105 Parkland Blvd., Suite 140
Mayfield Heights, OH 44124

**For Jovanny Martinez**

Holly Olarczuk-Smith
Deborah W. Yue
Gallagher Sharp
Bulkley Building, 6th Floor
1501 Euclid Ave.
Cleveland, OH 44114

MELODY J. STEWART, J.:

{¶1} Plaintiffs-appellees Joshua Rojas and Kiara Torres were passengers in a vehicle driven by defendant-appellee Jovanny Martinez. Martinez's vehicle and a vehicle owned by defendant-appellant Concrete Designs, Inc. and driven by its employee, defendant-appellant Brian English, collided on a bridge. Rojas and Torres suffered severe injuries. Despite Martinez having earlier pleaded guilty to misdemeanor counts of negligent assault with respect to the injuries suffered by the plaintiffs, a jury found that English and Concrete Designs were solely at fault in the collision — Martinez was found to have no liability. The jury awarded Rojas a total of $34.6 million in damages and awarded Torres a total of $7.8 million. The court denied defendants' motion for a new trial, and ordered them to pay prejudgment interest on the award. English and Concrete Designs appeal.

{¶2} Rojas and Torres filed separate complaints that were consolidated for trial. Both complaints raised similar claims for negligence and negligent entrustment.[1] After setting the matter for oral argument, we discovered a potential impediment to our jurisdiction to hear the appeal — the negligent entrustment claims filed by both plaintiffs appeared to be unresolved. We asked the parties to file supplemental briefs to address the question "whether all claims asserted against all parties have been adjudicated consistent with Civ.R. 54(B), with particular attention given to the disposition, if any, of the negligent entrustment claims asserted by both plaintiffs."

---

[1] Torres also filed a claim against her insurance company seeking a declaration of UM/UIM

{¶3} Appellants English and Concrete Designs filed a supplemental brief in which they stated that "the negligent-entrustment claims were never tried and never dismissed" and that "the judgment at issue is not final." Rojas and Torres filed a supplemental brief, as did Martinez, a nominal appellee in this appeal.[2] Rojas and Torres maintained that they abandoned the negligent entrustment claim at trial. They also argued, along with Martinez, that the negligent entrustment claims were "alternative" theories of liability, the damages for which would have been subsumed within the damages award for the negligence causes of action.

---

coverage, but that claim was dismissed prior to trial. In addition, the defendants filed cross claims against each other seeking indemnity and contribution.

[2] None of the assignments of error asserted by English and Concrete Designs directly challenge the jury verdict against Martinez. For practical purposes, this means that the jury verdict finding Martinez not liable is res judicata, even if the verdict against English and Concrete Designs was to be reversed on appeal. Nevertheless, Martinez is a named party to the appeal and has the right to be heard on the finality issue.

{¶4} Our appellate jurisdiction is limited to reviewing orders that are both final and appealable. An order is "final" only if it meets the criteria set forth in R.C. 2505.02; as applicable here, "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." *See* R.C. 2505.02(B)(1). As used in R.C. 2505.02(B)(1), the word "action" refers to all claims asserted against all parties. *See* Civ.R. 54(B) ("In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties* * *.").

{¶5} Both plaintiffs filed negligent entrustment claims alleging that Concrete Designs negligently entrusted its vehicle to English. As acknowledged by Concrete Designs, those claims were not resolved, either by amendment of the complaint or judgment. This appears to be a clear violation of Civ.R. 54(B).

{¶6} The appellees do not dispute that there has been no resolution of the negligent entrustment claims. Instead, Rojas and Torres argue that they "abandoned" their negligent entrustment claims. Abandoning a claim will not result in a final order under Civ.R. 54(B) because abandonment does not result in a final disposition. "To allow a court to find implicitly that one party abandoned his claim would thus significantly alter the definition of a final, appealable order. We decline to make such an alteration." *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 11.

{¶7}   Rojas, Torres, and Martinez next argue that the negligent entrustment claims were rendered moot by the jury's verdict on the negligence claims.   They argue that the negligent entrustment claims were alternative theories of liability based on the same set of facts as the plaintiffs' negligence claims — the "negligence" for purposes of negligent entrustment was the same conduct alleged in the negligence claim.   *See, e.g.*, *McCarty v. Lynn*, 67 Ohio App.3d 369, 375, 587 N.E.2d 312 (3d Dist.1990) (liability for negligent entrustment "is not based upon ownership or agency, but upon the combined negligence of the owner and driver; the owner in entrusting the vehicle to an incompetent driver, and the negligence of the driver in its operation.").   They insist that had the jury found for the plaintiffs on both the negligent entrustment and negligence claims, the damages for negligent entrustment would have been offset from the negligence claims, so it did not matter that the court failed to dispose of the negligent entrustment claim in this case.

{¶8} In support of their argument, the appellees cite *Francis Corp. v. Sun Co.*, 8th Dist. Cuyahoga No. 74966, 1999 Ohio App. LEXIS 6306 (Dec. 23, 1999). In *Francis*, a tanker truck owned by the defendant trucking company spilled gasoline onto the plaintiff's property. The property owner brought an action raising causes of action for negligence, trespass, strict liability, and nuisance. The case proceeded to trial only on the negligence claim, and resulted in a verdict for the plaintiff property owner. On appeal from that judgment, we considered whether the judgment satisfied Civ.R. 54(B). We found the remaining claims moot because "the measure of damages for tort harm to land is the same whether the theory of recovery is trespass, nuisance, negligence, or strict liability." *Id*. at *4. Finding that "there was no potential for a different or larger recovery under any of these theories," we concluded that "[t]he four counts of the complaint here were not separate and distinct claims but simply alternative theories of liability based upon a single set of facts." *Id*. at * 5-6.

{¶9} *Francis* correctly understood that had plaintiff prevailed on "alternative" theories of liability, the damage award for each theory would have overlapped, leaving just one award. But *Francis* went further and incorrectly applied that analysis to unresolved causes of action without considering the affect a declaration of mootness could have on an unresolved cause of action.

{¶10} Causes of action for negligence and negligent entrustment exist independently, regardless of whether their damages are one and the same. *Clark v. Stewart*, 126 Ohio St. 263, 185 N.E. 71 (1933), paragraph one of the syllabus ("[i]n an action for damages for personal injury, plaintiff has full right to pursue both the theory of respondeat superior and that defendant knowingly entrusted the operation of his car to an incompetent driver, as the two theories are in no wise repugnant."). The key word in the quoted portion of *Clark* is the word "pursue" — the plaintiff has the right to pursue separate causes of action and have them resolved. What is more, even though the damages for the claims might be identical, the elements of the respective torts are not. To prevail on a negligent entrustment action, the plaintiff must show that the defendant breached a duty to supervise a person, to not entrust that person with a dangerous instrument, and that the these breaches proximately caused the plaintiff's injuries. *Safeco Ins. Co. of Am. v. White*, 122 Ohio St.3d 562, 2009-Ohio-3718, 913 N.E.2d 426, ¶ 36; *Gulla v. Straus*, 154 Ohio St. 193, 195, 93 N.E.2d 662 (1950), paragraph three of the syllabus. The additional elements of entrusting and supervising make negligent entrustment a different cause of action from simple negligence. The plaintiff is entitled to offer evidence on both causes of action.

{¶11} Suppose on similar facts to this case that, applying *Francis*, we found a negligent entrustment cause of action to be moot because the damages for that cause of action were duplicated by a negligence cause of action. Then suppose we heard the appeal on the merits of a negligence cause of action and found that the court erred by refusing to direct a verdict in favor of the defendants. Under these facts, the plaintiff would no longer think that his negligent entrustment claim was moot, because it could be his only viable ground for recovery following a reversal on the negligence claim. This is the difficulty with *Francis* — it declared causes of action moot without considering that subsequent action on appeal might render something nonmoot.

{¶12} It would be wrong under our hypothetical to say that our act of vacating the negligence cause of action would revive the formerly moot negligent entrustment cause of action. It is a fundamental principle of appellate jurisdiction that jurisdiction is determined at the time the notice of appeal is filed. And appellate jurisdiction is something that either exists or does not exist at the time the notice of appeal is filed — subsequent action by the court of appeals cannot make final what was previously not final.[3]

---

[3] There are circumstances in which this court, having a valid final order on appeal, will remand a case to the trial court to decide a Civ.R. 60(B) motion for relief from judgment filed before the notice of appeal. *See Majnaric v. Majnaric*, 46 Ohio App.2d 157, 347 N.E.2d 552 (9th Dist.1975). That happens because once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. But at all events a remand is allowable only because the appellate court's jurisdiction was properly invoked in the first instance.

**{¶13}** Civ.R. 54(B) is a rule of judicial economy, intended to "make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals." *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 159, 359 N.E.2d 702 (1977). In addition, Civ.R. 54(B) serves to "insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977).

**{¶14}** Civ.R. 54(B) is clear: an order is final only if all of the claims against all of the parties have been resolved, unless the trial judge certifies that there is no just reason for delay. The appellants concede that this appeal is not final because the court failed to dispose of the negligent entrustment cause of action and did not certify that there was no just reason for delay. There is no question that the court failed to dispose of the negligent entrustment cause of action. For their part, the appellees offer an argument that at best leads to the possibility that appellate jurisdiction in a case could be fluid. Because their position is inconsistent with Civ.R. 54(B), we reject it. We lack a final order and thus have no jurisdiction to decide this appeal.

**{¶15}** Appeal dismissed.

It is ordered that appellees recover appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
MARY EILEEN KILBANE, P.J., DISSENTS (WITH SEPARATE OPINION)

MARY EILEEN KILBANE, P.J., DISSENTING:

{¶16} I respectfully dissent. I would find that this court has jurisdiction to hear the appeal.

{¶17} While the plaintiffs' complaints both allege negligent entrustment against Concrete Designs and that English was in the course and scope of his employment (respondeat superior) with Concrete Designs at the time of the collision, it was later determined that English was the sole owner of Concrete Designs and the parties stipulated prior to trial that English was in the course and scope of his employment with Concrete Designs at the time of the accident. The trial court instructed the jury of the same, and this stipulation was reflected in the amended joint jury instructions of all parties. This stipulation was further memorialized in the trial court's jury instructions where the court stated that "[t]he parties stipulate or agree that the defendant, Brian English, was driving the vehicle in the course and scope of his employment with Concrete Designs[.]"

{¶18} Following the revelation that English was the sole owner of Concrete Designs and the stipulation on respondeat superior, it appears from the record and the plaintiffs contend that they abandoned their negligent entrustment claims. The plaintiffs did not discuss negligent entrustment in opening or closing statements, did not offer any evidence on negligent entrustment at trial, and they did not request a jury instruction on

negligent entrustment. Their claims against Concrete Designs went to the jury on the stipulation that English was in the course and scope of his employment with Concrete Designs at the time of the accident.

{¶19} Civ.R. 54(B) provides that

> [w]hen more than one claim for relief is presented in an action, whether a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

{¶20} In *Aldrete v. Foxboro Co.*, 49 Ohio App.3d 81, 82, 550 N.E.2d 208 (8th Dist.1988), we stated:

> The term "claim," as used in the context of Civ. R. 54(B), refers to a set of facts which give rise to legal rights, not to the various legal theories of recovery which may be based upon those facts. *CMAX, Inc. v. Drewry Photocolor Corp.* (9th Cir. 1961), 295. F.2d 695, 697. Unless a separate and distinct recovery is possible on each claim asserted, multiple claims do not exist. *Local P-171 v. Thompson Forms Co.* (7th Cir. 1981), 692 F.2d 1065, 1970-71.

*See also Francis*, 8th Dist. Cuyahoga No. 74966, 1999 Ohio App.LEXIS 6306, *5.

{¶21} In *Francis*, there was no formal disposition of plaintiffs' strict liability, trespass, and nuisance claims. On appeal, we concluded that this court has jurisdiction, finding that

> [p]laintiffs' other claims were rendered moot by the judgment on plaintiffs' negligence claim. Strict liability and negligence are complementary but distinct alternative theories of liability. * * * The measure of damages for tort harm to land is the same whether the theory of recovery is trespass, nuisance, negligence, or strict liability. Thus, there was no potential for a different or larger recovery under any of these theories.

**{¶22}** Moreover, "a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment." *Wise v. Gursky*, 66 Ohio St.2d 241, 243, 421 N.E.2d 150 (1981); *Watershed Mgt., L.L.C. v. Neff*, 4th Dist. Pickaway No. 10CA42, 2012-Ohio-1020. "Essentially, when a judgment on fewer than all claims renders the remaining claims moot, it becomes a judgment on all the claims, and Civ.R. 54(B) no longer applies." *Neff* at ¶ 19.

**{¶23}** In *Wise*, the appellant argued that the judgment entry as to plaintiff's personal complaint was not final and appealable because this judgment did not address and dispose of defendant's third-party complaint for indemnification or contribution, or determine the rights and liabilities of the parties to the third-party complaint. *Id.* at 242-243. The Ohio Supreme Court found that the judgment on the jury verdict not only determined plaintiff's action against the defendant, but it also determined all the claims and issues in defendant's third-party action. The claims set forth in the third-party complaint and the determination of the rights and liabilities of the parties to the third-party action were rendered moot by the judgment in favor of defendant as to plaintiff's complaint. *Id.* at 243.

**{¶24}** I would find *Wise* and *Francis* applicable to the instant case. Here, the trial court's judgment on the jury's verdict resolved all liability issues between the parties. When English was found to be 100 percent at fault for the collision, Concrete Designs

became vicariously liable for the entire verdict. With 100 percent fault on Concrete Designs through English, as the owner, there was no different or greater recovery the plaintiffs could have obtained had they pursued their negligent entrustment theory. By not pursuing the negligent entrustment theory at trial, the plaintiffs abandoned that claim. When the trial court entered judgment on the jury's verdict, denied the motion for new trial, and granted prejudgment interest, there were no remaining claims for the court to resolve. As a result, plaintiffs waived their right to further adjudicate their negligent entrustment claims and rendered these claims moot.

{¶25} Therefore, I would find that there were no claims remaining for the trial court to resolve, and we have jurisdiction to review this appeal. Subsequently, I would address the merits of the appeal. In doing so, I would affirm the trial court's judgment.