158

ALEXANDER ET AL., APPELLANTS, *v.* BUCKEYE PIPE LINE
COMPANY, APPELLEE.

[Cite as Alexander v. Buckeye Pipe Line Co. (1977),
49 Ohio St. 2d 158.]

(No. 76-411—Decided February 9, 1977.)

*Messrs. Betts & Betts, Mr. Jackson E. Betts, Messrs.
Hinton, Noble & Bryant* and *Mr. Thomas F. Bryant,* for
appellants.

*Messrs. Baker, Hostetler & Patterson, Mr. Russell E.
Leasure* and *Mr. John C. Halleck,* for appellee.

*Per Curiam.* Civ. R. 54(B) provides, in pertinent part, that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

In *Whitaker-Merrell* v. *Geupel Co.* (1972), 29 Ohio St. 2d 184, 280 N. E. 2d 922, the syllabus states:

"A trial court is authorized to grant final summary judgment upon the whole case, as to fewer than all of the claims or parties in multi-party or multi-claim actions, only upon an express determination that there is no just reason for delay until judgment is granted as to all the claims and parties. In that event, the judgment is reviewable upon the determination of no reason for delay, as well as for error in the granting of judgment; otherwise, the judgment is not final and not reviewable." See, also, *State, ex rel. Jacobs,* v. *Municipal Court* (1972), 30 Ohio St. 2d 239, 284 N. E. 2d 584. In so holding, this court necessarily found Civ. R. 54(B) to be valid insofar as it permits piecemeal appeals in certain cases.

The Court of Appeals herein nevertheless held that Civ. R. 54(B) is ineffective, reasoning that it is a procedural rule which purports to make final and appealable a judgment which otherwise would not be, and that it cannot modify the substantive definitions of a "final order," as set out in R. C. 2505.02, and of an "action," as set out in R. C. 2307.01.

The Court of Appeals is correct in its premise that Civ. R. 54(B) cannot abridge, enlarge, or modify any substantive right. But the effect of Civ. R. 54(B) is purely procedural. It permits both the separation of claims for purposes of appeal and the early appeal of such claims, within the discretion of the trial court, but it does not affect either the substantive right to appeal or the merits of the claims. Questions involving the joinder and sep-

aration of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court under Section 5, Article IV of the Ohio Constitution. Cf. *Sears Roebuck & Co.* v. *Mackey* (1956), 351 U. S. 427.

The general purpose of Civ. R. 54(B) is to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals—a possibility rendered more likely by procedural rules allowing liberalized joinder of parties and claims. In this cause, the trial court granted a motion for partial summary judgment and dismissed seven of eight causes of action in plaintiffs' complaint. Those causes of action included claims of trespass, unlawful appropriation of plaintiffs' property, violation of contractual rights, and engaging in an ultra-hazardous activity. The cause of action remaining before the trial court is that plaintiffs' property was damaged by an explosion of the pipeline. Upon the state of these pleadings, the trial court did not abuse its discretion in finding that there was no just reason to delay an appeal of the dismissed claims, and its dismissal of those claims was accordingly a final appealable order.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for review upon the merits.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.