[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to Appellate Rule 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we elect to render decision by written opinion.
Sash Storm, Inc. (Sash Storm), appeals from a judgment denying their request for a permanent injunction entered by the Allen County Court of Common Pleas on February 6, 1998. In its request for a permanent injunction, Sash Storm sought to enforce a covenant not to compete, entered between it and three former Sash Storm employees, the appellees herein.
Sash Storm raises one assignment of error:
 I. The trial court erred in ruling that the agreement of the parties is not enforceable and thereby denying the plaintiff's demands for preliminary and permanent injunction.
This precise assignment has been raised once before in this action. In a prior appeal by Sash Storm, we reversed the judgment of the trial court which denied a permanent injunction.Sash Storm, Inc. v. Thompson, et.al. (Dec. 22, 1997), Allen App. No. 1-97-43, unreported, discretionary review denied, (April 22, 1998), 81 Ohio St.3d 1515. We determined the trial court erred when it failed to conclude, based upon its findings of fact, that the non-compete clause entered between the parties was supported by sufficient consideration as a matter of law. Id. This action was then remanded with instructions that the trial court make a "determination as to whether the non-competition clause is enforceable" under the reasonableness test set forth inRaimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, 325 N.E.2d 544.
Upon remand, the trial court once again denied Sash Storm's motion for permanent injunction. It appears, from its written opinion, that the trial court, once again, found that the covenant not to compete was unenforceable due to a lack of consideration. The trial court did cite to the Raimonde decision, but its application of the Raimonde's test appears to ignore our determination that legally sufficient consideration was present in this contract as a matter of law. See, Sash Storm I, supra. To the extent that this is the trial court's ruling, the trial court is clearly in error. However, although it appears the trial court misapplied the Raimonde test on remand, we have no jurisdiction to correct the error at this time. The judgment from which Sash 
Storm alleges error, entered on February 6, 1998, is not a final, appealable order.
The February 6, 1998 judgment appealed, does not dispose of all the claims between the parties. Remaining open are causes of action for conversion of trade secrets, disclosure of trade secrets and abuse of process. Without certification that there is no just reason for delay, a judgment which "adjudicates fewer than all the claims" remains open and is not a final, appealable order pursuant to R.C. §§ 2505.02 2505.03. Civ.R. 54(B); see also,State ex. rel. A D Limited Partnership v. Keefe (1996), 77 Ohio St.3d 50,671 N.E.2d 13; and Alexander v. Buckeye Pipeline Co.
(1977), 49 Ohio St.2d 158, 359 N.E.2d 102.
Here, unlike in its first entry denying a permanent injunction, the trial court failed to expressly find "there is no just reason for delay" for entering final judgment on this cause. Accordingly, without such a certification we are without jurisdiction to review the error assigned.
Appellees' motion to dismiss this appeal for want of jurisdiction is sustained. Accordingly, Sash Storm's motion for an injunction pending appeal must be overruled also.
Appeal dismissed.
 SHAW, P.J., and HADLEY, J., concur.