OPINION
Plaintiffs-Appellants Terry Bowshier, et al., appeal the trial court's June 23, 1998 entry which overruled their motion for reconsideration of the court's May 6, 1998 entry, and added Civ.R. 54(B) certification language to the May 6 entry in an attempt to make it immediately appealable. The May 6 entry reflected the trial court's finding that a two year statute of limitations applied to Appellants' claims against the Village of North Hampton concerning an alleged "speed trap."
On May 10, 1999, we issued an order for Appellants to show cause why this appeal should not be dismissed for lack of a final appealable order. Their response was filed on May 24, 1999; Appellees have filed no reply.
In their response, Appellants contend the May 6 entry is a final appealable order under R.C. § 2505.02(B)(1) and (5). Those provisions provide as follows:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 * * *
(5) An order that determines that an action may or may not be maintained as a class action.
We find, however, that the court's entry was neither an order, a judgment, nor a decree as required for appealability by R.C. § 2505.03(A), but was instead a written finding on the question of what statute of limitations applied to the pending claims. No motion for summary judgment on that issue was pending, nor did the court have before it a motion to dismiss any cause of action or plaintiff's claim as being barred by the statute of limitations. In addition, the court's entry did not sua sponte
grant summary judgment to any party, dismiss any plaintiff from the suit, dismiss the class action aspect of Appellants' complaint, or certify or decertify the class. Consequently, it is not true that all but two of the putative class members have been eliminated from the suit by the trial court's entry, as is claimed by Appellants.[1] In this regard, the instant case is distinguishable from Alexander v. Buckeye Pipe Line Co. (1977),49 Ohio St.2d 158, upon which Appellants rely, and in which a defendant's motion for partial summary judgment was granted and seven of the eight causes of action were dismissed. No such judgment is involved here. In addition, the trial court's addition of Civ.R. 54(B) certification language does not in and of itself transform the entry into a final appealable order. GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17,21; McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139,160.
For the reasons stated, we conclude that the trial court's entry is not an order that in effect determines the action and prevents a judgment as to the putative class members argued by Appellants to have been eliminated from the suit. Moreover, the entry does not include a determination as to whether the action may or may not be maintained as a class action, nor does it purport to do so. Accordingly, Appellants' appeal will be dismissed for lack of a final appealable order.
BROGAN, J. and FAIN, J.
Copies mailed to:
Ray A. Cox
W. McGregor Dixon, Jr.
Hon. Gerald F. Lorig
[1] We note that although Appellants argued North Hampton's conduct was fraudulent in their memorandum to the trial court on the issue of the appropriate statute of limitations, their complaint does not plead fraud with the specificity required by Civ.R. 8(C). Were Appellants to successfully seek amendment of their complaint to conform with the rule, they could argue, as they have in their memorandum to the trial court, that the applicable statute of limitations was longer than the two years found appropriate by the trial court or tolled because of North Hampton's allegedly fraudulent conduct. This, too, would contradict Appellants' argument that all but two of the putative class members have been precluded from obtaining appropriate relief as a result of the trial court's entry.