DECISION AND JOURNAL ENTRY
The Summit County Court of Common Pleas granted summary judgment in favor of Bankers Trust Co., and against Judith Orchard, as a result of her default on a note held by Bankers Trust. She has attempted to appeal from the summary judgment against her.
In relevant part, the trial court ordered Orchard to pay to Bankers Trust "the sum of $119,648.75, with interest at the rate of 13.365 percent per annum from July 1, 1997, together with advances for taxes, insurance and otherwise expended, plus costs."
When jurisdiction appears uncertain, a court of appeal should raise issues of jurisdiction sua sponte. Kouns v. Pemberton
(1992), 84 Ohio App.3d 499, 501. A summary judgment that determines fewer than all of the claims between all of the parties is, by its nature, interlocutory. See Civ.R. 54(B). Civ.R. 54(B) serves to balance the interest in avoiding piecemeal litigation against the interest in justice which, under some circumstances, would be better served by permitting an immediate appeal.Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158,160. For a summary judgment to be immediately appealable, it must satisfy both R.C. 2505.02 and Civ.R. 54(B). Noble v. Colwell
(1989), 44 Ohio St.3d 92, syllabus. Put another way, "First, there must be multiple claims and/or multiple parties. Second, the order which is being appealed must be final. Third, the trial court must expressly determine that there is no just reason for delay." Id. at 99 (Resnick, J., concurring).
The instant case involved multiple claims and multiple parties. After granting summary judgment with respect to the claims between Bankers Trust and several defendants, the trial court explicitly determined that there was no just reason for delay.
In addition to satisfying the Civ.R. 54(B) requirements, the judgment must also be final, pursuant to R.C. 2505.02. In relevant part, to be final a judgment must determine the action.Maley v. Best in Plastics, Inc. (July 27, 1992), Stark App. No. CA-8786, unreported; R.C. 2505.02 (B)(1). Because a court speaks only through its judgment, that determination must be explicitly contained in the judgment. See Walker v. Walker (Aug. 5, 1987), Summit App. No. 12978, unreported, at 3.
 Although there are no specific language requirements, the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.
 Finally, a judgment should include everything necessary to a complete understanding of its effect.
Id. at 4. When a judgment includes a monetary award, it should articulate the amount of the award, or at the very least it should articulate a definite formula for calculating the amount. Id. at 8.
Here, the trial court made a definite monetary award with respect to the principle balance on the note, and the judgment contained a definite formula for calculating the amount of interest due on the principle balance. It made an additional monetary award for "advances for taxes, insurance and otherwise expended, plus costs." That award is not definite, nor is a definite formula for calculating that award contained within the judgment. A court attempting to enforce the judgment would be required to look beyond the document that purportedly articulated the final determination of the rights and responsibilities of each party.
The judgment below is not final because it does not determine the action by clearly defining the rights and responsibilities of each party. Because it is not a final, appealable order, this court does not have jurisdiction to hear the appeal. The appeal is dismissed.
 KK
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD FOR THE COURT SLABY, J., WHITMORE, J., concur.