JOURNAL ENTRY and OPINION
Plaintiffs-appellants, Vickie Scheffler and Karl Scheffler (the Schefflers), appeal from the trial court's entry of summary judgment in favor of defendant-appellee, Ford Motor Company. Because our review of the record compels us to conclude that the order appealed from is not a final order under Civ.R. 54(B), we hereby dismiss the within appeal.
The Schefflers purchased a used 1994 Ford Aerostar van from a Ford dealership on July 14, 1997. At the time of the purchase the vehicle had already been driven approximately 22,387 miles. The purchase price for the vehicle was $12,965. The vehicle came with a three year/36,000 mile warranty.
Shortly after purchasing the van, the Schefflers began to experience problems with the starter system. On four occasions, between July 28, 1997 and October 22, 1997, the Schefflers brought the vehicle to the dealership for repairs to the starter system. The Schefflers allege that the dealership attempted to repair the system but was not successful on each of these occasions. The appellee claims that the dealership was unable to diagnose any problem on each of these visits.
The Schefflers commenced the instant lawsuit on April 23, 1998. The complaint included counts for breach of warranty claims under federal and state law, and a count alleging violation(s) of the Ohio Consumer Sales Practices Act.
On April 13, 1999, the trial court held a hearing for the purpose of determining whether appellant Vickie Scheffler should be allowed to testify as to the value of the vehicle at the time of the transaction. Counsel for the appellants indicated on the record at the hearing repeatedly that he intended to elicit testimony from Mrs. Scheffler and that the car was worthless to her at the time that title was transferred to her because she was unable to drive the vehicle in its defective condition. The Schefflers' counsel did admit during the hearing that appellant Karl Scheffler did use the vehicle, albeit through the use of a screwdriver as a starting mechanism, throughout the entire period. Counsel for the Schefflers also stipulated at the hearing that the fair market value of the vehicle at delivery as warranted by the appellee was the purchase price.
The trial court ruled at the end of the hearing that Mrs. Scheffler could not testify that the value of the car was zero at the time of purchase because such testimony would be objectively false and because the true value of the vehicle was readily ascertainable.
Thereafter, on April 19, 1999, the trial court granted appellee leave to file a motion for summary judgment instanter. After permitting appellant's time to file a brief in opposition to the motion for summary judgment, the trial court granted the motion for summary judgment on June 18, 1999. In an order dated July 14, 1999, the trial court clarified its ruling on the motion for summary judgment as follows:
 Plaintiff (sic) Motion to Clarify granted. The court clarifies its entry granting summary judgment to the defendant as follows:
 The court finds the plaintiff's measure of damages to be equivalent to the cost of repairing the vehicle, to wit $350, as submitted by plaintiff's expert. The court further finds that the defendants have stipulated to the cost of the repair; therefore, since there is no genuine issue of material fact remaining, the court finds the defendant's Motion for Summary Judgment is well-taken and granted.
The appellant assigns five errors for this court's review. Assignment of error four is dispositive of the issue of the appealibility of the trial court's order.[1] Assignment of error four states:
 IV. THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN OTHER COUNTS REMAINED.
The appellants allege in this assignment of error that at the time the trial court granted the appellee's motion for summary judgment, there remained pending Count IV of the amended complaint — appellants' claim for violation(s) of the Ohio Consumers' Sales Practices Act. This count contained allegations that the appellee committed unfair, deceptive and unconscionable acts and practices in violation of R.C. 1345.02 and R.C. 1345.03. Our review of the record confirms that the appellee's motion for summary judgment dealt only with the Schefflers' breach of warranty claims and not with the claim pertaining to purported violations of the Ohio Consumer's Sales Practices Act. The appellee's contention in the within appeal that the Schefflers waived their right to object to this court's lack of jurisdiction by not mentioning in their brief in opposition that the appellee's motion for summary judgment did not address the Ohio Consumer Sales Practices Act claim is patently without merit. It is not incumbent upon a non-moving party to inform the trial court of all claims which will remain viable if a pending motion for summary judgment is granted.
Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Civil Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. Noble v.Colwell (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (citingAlexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160, 3 O.O.3d 174, 175, 359 N.E.2d 702, 703. An order which adjudicates one or more, but fewer than all the claims or the rights and liabilities of fewer than all parties, must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Noble, 44 Ohio St.3d at 96, 540 N.E.2d 1381. Rule 54(B) makes mandatory the use of the language, there is no just reason for delay. Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. Noble,44 Ohio St.3d at 96, 540 N.E.2d 1381.
The grant of summary judgment in this case did not use the language of Civ.R. 54(B). Without such a determination, the judgment is not final and not reviewable. See Whitaker-Merrell Co.v. Geupel Construction Co. (1972), 29 Ohio St.2d 184,280 N.E.2d 922.
The appellants properly appealed from the trial court's final order of June 18, 1999 and assigned as error for this court's review the lack of a final and appealable order. Finding that the order appealed from is not in compliance with Civ.R. 54(B), we are without jurisdiction to consider the merits of the appeal.
Therefore, this assignment of error is well-taken and the within appeal is dismissed.
It is, therefore, ordered that appellee recover from appellants its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ MICHAEL J. CORRIGAN, JUDGE
 DYKE, A.J., and PORTER, J., CONCUR.
[1] The remaining assignments of error state:
 I. THE TRIAL COURT ERRED BY GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT BASED ON EVIDENCE NOT PROPERLY IN THE RECORD IN VIOLATION OF RULE 56 OF THE RULES OF CIVIL PROCEDURE.
 II. THE TRIAL COURT ERRED IN FINDING THAT THE MEASURE OF DAMAGES IS LIMITED TO THE COST OF ANOTHER REPAIR ATTEMPT.
 III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION IN LIMINE BARRING PLAINTIFFS' TESTIMONY REGARDING THE VALUE OF THEIR PERSONAL PROPERTY THE VEHICLE IN QUESTION.
 V. THE TRIAL COURT ERRED IN FINDING DAMAGES OF $350.00 AND THEN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT INSTEAD OF GRANTING JUDGMENT TO THE PLAINTIFF/APPELLANT AND THEN HOLDING A HEARING ON ATTORNEY'S FEES AND COSTS.