JOURNAL ENTRY and OPINION
Defendant-appellant, Richard Davet, appeals from the trial court's entry of summary judgment in favor of defendant-appellee, Bank One Cleveland, N.A (hereinafter appellee). Because our review of the record compels us to conclude that the order appealed from is not a final order under Civ.R. 54(B), we hereby dismiss the within appeal. In doing so, we acknowledge that there are legitimate issues presented in assignments of error I, II, and III. This decision in no way ought be considered dispositive of any of the issues briefed in this matter. The appellant herein has waived nothing and will ultimately have the opportunity for appellate review of all of the aforementioned matters upon final resolution of all of the claims in this case.
The instant lawsuit was filed by plaintiff NationsBanc Mortgage Corporation on March 1, 1999. The lawsuit alleged that the plaintiff was a holder of a mortgage executed by the appellant and that the appellant had defaulted on the terms of the said mortgage. The appellee was listed on the complaint as a co-defendant who had an interest in the property upon which the plaintiff sought to foreclose. This appeal was taken from the trial court's grant of summary judgment in favor of the appellee and against the appellant.
Our review of the record indicates that the trial court granted the appellee's motion for summary judgment on September 24, 1999. The motion had been filed on September 10, 1999. On September 17, 1999, the appellant filed a Motion to Deny Defendant Bank One's Motion for Summary Judgment. The trial court clearly construed the appellant's motion as a brief in opposition to appellee's motion for summary judgment. The trial court correctly indicated on its journal entry granting the motion for summary judgment that the judgment entry was partial as numerous claims and cross-claims remained pending between the various parties to the lawsuit.
On October 8, 1999, the foreclosure magistrate assigned to the case caused to be filed a Magistrate's Decision resolving the assorted claims of the parties to the litigation. This Magistrate's Decision was never adopted by the trial court prior to the filing of the within appeal by the appellant on October 25, 1999.
Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Civil Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. Noble v. Colwell (1989), 44 Ohio St.3d 92,96, 540 N.E.2d 1381 (citing Alexander v. Buckeye Pipe Line Co. (1977),49 Ohio St.2d 158, 160, 3 O.O.3d 174, 175, 359 N.E.2d 702, 703. An order which adjudicates one or more, but fewer than all the claims or the rights and liabilities of fewer than all parties, must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Noble, 44 Ohio St.3d at 96, 540 N.E.2d 1381. Rule 54(B) makes mandatory the use of the language, there is no just reason for delay. Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. Noble, 44 Ohio St.3d at 96, 540 N.E.2d 1381.
The grant of summary judgment in this case did not use the language of Civ.R. 54(B), but rather specifically stated that ruling was not a final judgment.[1] Without such a determination, the judgment is not final and not reviewable. See Whitaker-Merrell Co. v. Geupel Construction Co. (1972), 29 Ohio St.2d 184, 280 N.E.2d 922; United Cos. Lending Corp. v. Robinson (1999), 134 Ohio App.3d 96. Absent this express determination language appearing in the order from which this appeal was taken, this court is without jurisdiction to entertain the appeal sub judice.
Notice of appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that plaintiff-appellee recover from defendant-appellant, Richard F. Davet, its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
______________________________ MICHAEL J. CORRIGAN, JUDGE
TIMOTHY E. McMONAGLE, P.J., and
JAMES D. SWEENEY, J., CONCUR.
[1] This court is aware that the fact that a trial court indicates that a judgment is partial is not necessarily dispositive of whether the order is in fact final and appealable. See Noble v. Colwell (1989),44 Ohio St.3d 92, 96, 540 N.E.2d 1381; Norvell v. Cuyahoga Cty. Hosp. (1983), 11 Ohio App.3d 70, 71, 463 N.E.2d 111. Nonetheless, in this case, the trial court's determination that its ruling on the motion for summary judgment was not a final appealable order was plainly correct.