DECISION AND JUDGMENT ENTRY
Defendants-appellees/cross-appellants, The Toledo Hospital, et al. (referred to collectively as "the hospital") filed a motion for partial dismissal of this appeal, asserting that the orders appealed are not final. Plaintiffs-appellants/cross-appellees, Toledo Heart Surgeons, Inc., Xavier Mousset, M.D., et al. (referred to collectively as "Mousset") filed a memorandum in opposition to the motion and the hospital filed a reply in support of its motion. This case arose out of the hospital's non-renewal of Mousset's contract to provide cardiac services to adults in the hospital.
In May 2000, Mousset filed a six count complaint against the hospital (case No. 2000-2618). In the complaint, Mousset also requested a temporary restraining order against the hospital which would allow him to continue working at the hospital pending further order of the court. The temporary restraining order was granted and Mousset posted a $75,000 bond as security for the hospital in the event that the restraining order was wrongfully granted. In a separate case (No. 2000-3374), Mousset filed a complaint for declaratory judgment against the hospital to determine his rights under his contract with the hospital. The declaratory judgment action was consolidated with case No. 2000-2618. The hospital filed a two count counterclaim against Mousset alleging defamation and disparagement. The chart below indicates what occurred with each of the pertinent claims of the parties.
Disposition Journalized Date
 Mousset's temporary granted 5/15/00 restraining order against the hospital
 Counts 1, 2, and 3 Hospital's motion for 11/8/00 of Mousset's complaint summary judgment granted
 Counts 5 and 6 of Hospital's Civ.R. 12(B)(6) 11/8/00 Mousset's complaint motion granted
 Count 4 of Mousset's Hospital's motion for 12/19/00 complaint summary judgment denied
 Mousset's declaratory Hospital's motion to 2/21/01 judgment action against dismiss the hospital granted
 Mousset's voluntary 2/28/01 dismissal of "the action" against the hospital
 Hospital's counterclaims Mousset's motion for 11/16/01 for defamation and summary judgment granted disparagement against Mousset
 Hospital's motion for Granted 11/16/01 damages for wrongful grant of temporary restraining order $13,120 damages awarded 2/15/02
Mousset filed a notice of appeal from the November 8, 2000, February 21, 2001, and February 15, 2002 orders; the hospital filed a cross-appeal from the November 16, 2001 and February 15, 2002 orders.
In its motion for partial dismissal, the hospital states that Mousset's appeal from the November 8, 2000 and the February 21, 2001 orders should be dismissed. It reasons that since neither of these orders contains a Civ.R. 54(B) determination that there is no just reason for delay, neither was final when it was entered. Civ.R. 54(B) states that any order which disposes of at least one but not all of the claims between the parties is interlocutory and subject to change at any time by the court unless the court certifies that there is no just reason for delay. The hospital further argues that Mousset's voluntary dismissal on February 28, 2001 does not make the prior orders final and appealable because it dismissed "the action" and not just Mousset's Count 4, the remaining claim against the hospital[1]. Mousset's February 28, 2001 notice of dismissal states, in pertinent part:
"Now come plaintiffs * * * pursuant to Rule 41(A) of the Ohio Rules of Civil Procedure and hereby voluntarily dismisses this action, without prejudice, to their right to re-file the same within one (1) year of the date hereof."[2]
In Denham v. New Carlisle (1999), 86 Ohio St.3d 594 the court states:
 "A trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." Id. at syllabus.
The hospital states that instead of making the prior judgments final and appealable, Mousset's voluntary dismissal rendered the parties to the dismissed action "as if no suit had ever been brought * * * [and] consequently, there is nothing for the Appellants to appeal respecting the November 7, 2000 order [journalized on November 8] and the February 16, 2001 order [journalized on February 21]."
Mousset argues that the hospital's analysis is faulty. He states that the language used by the trial court judge in the November 8, 2000 and February 21, 2001 orders "made it clear to the parties that the court considered the dismissal of the claims final" and, therefore, a Civ.R. 54(B) certification that there is no just reason for delay was not needed to make the orders final. In the November 8, 2000 order the judge states,
 "It is ordered that defendants [sic] Motion for Partial Dismissal be granted as to plaintiffs [sic] Fifth and Sixth claims for relief and that defendants' Motion for Summary Judgment is granted as to plaintiffs' First, Second and Third Claims for Relief and those claims are dismissed, with prejudice." (Emphasis added.)
In the February 21, 2001 decision, the judge states,
 "Defendants' motion to dismiss the declaratory judgment in Case No. CI00-3374 is GRANTED. All counts in Case No. CI00-3374 are dismissed with prejudice.
"* * *
 "This matter is continued to a pretrial on February 22, 2001 at 1:30 p.m. to schedule trial on the Fourth Claim for Relief and on Defendants' Counterclaims * * *." (Emphasis added.)
Because of the "dismissed with prejudice" language used by the court, it is understandable that a party would believe that these orders are final as to the claims addressed. However, since Mousset's fourth claim against the hospital was still outstanding and since the trial court judge did not specifically state that "there is no just reason for delay" in entering final judgment, the orders were not final. See Noble v. Colwell (1989), 44 Ohio St.3d 92, where the court states:
 "[Civil] Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160. * * * [Civil] Rule 54(B) makes mandatory the use of the language, `there is no just reason for delay.' Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. * * * The required language puts the parties on notice when an order or decree has become final for purposes of appeal." (Emphasis added.) Id. at 96
Thus, the two orders were not final when they were issued. In fact, if they had been, Mousset's notice of appeal from those orders filed two years later would have been untimely.
The ultimate issue is what effect Mousset's February 28, 2001 voluntary dismissal of the action has on those prior orders? The Supreme Court of Ohio in Denham states:
 "[A] voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties * * *." (Emphasis added) Id. at 596
Therefore, in this case, when Mousset dismissed his entire action without prejudice, the effect was "as if no suit had ever been filed against" any of the defendants. It follows that the orders of November 8, 2000 and February 21, 2001 are void and there is nothing from which to appeal. Additionally, since those summary judgment orders have been dissolved they have no res judicata effect. See, Ohio Farmers Ins. Co.v. Modine Mfg. (Sept. 5, 2001), Medina App. Nos. 3114-M, 3116-M; appeal not allowed (2002), 94 Ohio St.3d 1430, where the trial court granted summary judgment to two of several defendants. In that case, the plaintiffs then voluntarily dismissed all their claims, without prejudice, pursuant to Civ.R. 41(A). Plaintiffs filed their action again and the two defendants who had been granted summary judgment moved to dismiss the claims against them because they were barred by res judicata. The trial court granted the motions and plaintiffs appealed. On appeal the Ninth Appellate District of Ohio stated:
"The trial court granted summary judgment to Modine and Servpro, each of whom had argued that the current claims against them were barred by the doctrine of res judicata. Specifically, they contended that, because they were granted summary judgment against all plaintiffs in the prior action, that determination barred re-litigation of the same issues between these parties.
"The doctrine of res judicata is explained succinctly in the syllabus of Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226: `A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' No one disputes that the appellants were attempting to litigate the same claims against the same parties. The dispute is whether there is a prior final judgment at issue.
"The record reveals that although the trial court granted summary judgment to these defendants in the prior consolidated action, that judgment never became final. On December 3, 1997, the trial court granted summary judgment to Modine and Servpro. At that time, other claims remained pending in the action and the trial court made no express determination that there was `no just reason for delay.' See Civ.R. 54(B). Consequently, the trial court's order was not a final, appealable order.
"It is the position of Modine and Servpro, however, that the subsequent voluntary dismissals by the plaintiffs had the effect of transforming the interlocutory summary judgment order into a final appealable order. They rely on Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 597,716 N.E.2d 184, in which the Ohio Supreme Court held that a summary judgment order disposing of fewer than all the parties can become a final appealable order, despite the absence of a determination by the trial court of `no just reason for delay,' if the plaintiff voluntarily dismisses the remaining claims and defendants pursuant to Civ.R. 41(A).
"In this case, however, the plaintiffs did not dismiss the remaining defendants; they dismissed all the defendants, including Modine and Servpro. Heritage's notice of voluntary dismissal dismissed its claims against `all Defendants.' Ohio Farmers and Westfield explicitly dismissed their claims against Modine and Servpro, the only defendants they had named. As to the parties included in the Civ.R. 41(A) dismissal notice, `"[a] dismissal without prejudice leaves the parties as if no action had been brought at all."' Denham, 86 Ohio St.3d at 596, quoting DevillePhotography, Inc. v. Bowers (1959), 169 Ohio St. 267, 272, 159 N.E.2d 443. Consequently, the trial court's December 3, 1997 order granting summary judgment to Modine and Servpro did not become final after the Civ.R. 41(A) dismissals; it became a nullity.
"Because the December 3, 1997 order granting summary judgment was not a valid, final judgment, it did not operate to bar the claims brought by the appellants. Therefore, the trial court erred in granting summary judgment to Modine and Servpro. The third assignment of error is sustained."
We agree with the Ninth District and find that under the holding inDenham v. New Carlisle, no other outcome is possible. We hold that an order which grants a motion for summary judgment or a dismissal for failure to state a claim upon which relief can be granted to a party while claims against other parties are still pending, and which does not contain Civ.R. 54(B) language that there is no just reason for delay, is not appealable when the entire action is later dismissed without prejudice pursuant to Civ.R. 41(A). Rather, such order is dissolved and has no res judicata effect.
Accordingly, the motion of appellee, Toledo Hospital, to dismiss is granted. It is ordered that Mousset's appeal from the November 8, 2000 and February 21, 2001 orders is dismissed.
Mousset's appeal from the November 16, 2001 judgment granting the hospital's motion for damages for wrongful grant of the temporary restraining order and the February 15, 2002 order setting those damages at $13,120 will proceed in this court. The hospital's cross-appeal from the November 16, 2001 order which granted Mousset's motion for summary judgment on the hospital's counterclaims for defamation and from the February 15, 2002 order which granted the hospital only $13,120 in damages will proceed in this court.
It is so ordered.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] {¶ a} It appears that a voluntary dismissal of some, but not all, of a party's claims against another party is not an option under Civ.R. 41(A), which states:
{¶ b} "Rule 41. Dismissal of actions
{¶ c} "(A) Voluntary dismissal: effect thereof.
 {¶ d} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ e} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
 {¶ f} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action."
 {¶ g} Therefore, unless the trial court judge certifies that there is no just reason for delay pursuant to Civ.R. 54(B), such an order may not be appealed until the case is over.
[2] Mousset states that "all parties concerned were aware of appellant's intent to dismiss the sole cause of action that remained pending for appellants." That may have been the intent, but in actuality Mousset dismissed the "action". See, also, endnote 1 which draws into question whether a voluntary dismissal by Mousset of only some claims against the hospital would be allowed.