OPINION
{¶ 1} In 1986, appellant, Joyce Schiltz, because a tenant of appellee, Lexford Properties, Inc. On May 17, 2001, appellee filed a complaint in the Canton Municipal Court for forcible entry and detainer against appellant. By report filed June 25, 2001, a magistrate recommended restitution of the premises to appellee.
 {¶ 2} On June 26, 2001, appellant filed an answer and counterclaim for constructive eviction, negligent supervision and training, defamation, assault, invasion of privacy and inflamed tenants. Thereafter, the Canton Municipal Court approved and confirmed the magistrate's recommendation. A writ of restitution was filed on July 2, 2001. Appellee filed an answer to the counterclaim on July 24, 2001.
 {¶ 3} On June 17, 2002, the matter was transferred to the Court of Common Pleas per appellant's request. On June 20, 2002, appellant filed a motion to bring in Steven Mikstay, a former neighbor, as a third party defendant.
 {¶ 4} On September 6, 2002, appellee filed a Civ.R. 12(B)(6) motion to dismiss appellant's counterclaim. By judgment entry filed December 11, 2002, the trial court granted said motion and dismissed the counterclaim. By judgment entries filed next date, the trial court denied appellant's request to include Mr. Mikstay and dismissed any and all third party complaints.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE COURT BELOW ERRED IN FINDING THAT ITS ORDER OF DISMISSAL WAS THE `FINAL APPEALABLE ORDER' BECAUSE IT WAS A JUDGMENT OF DISMISSAL WITHOUT PREJUDICE. THE ENTRY AND ORDERS ISSUED THE NEXT DAY AS WELL SHOULD BE REVERSED."
 II {¶ 7} "THE DEFENDANT'S COUNTERCLAIM SHOULD NOT HAVE BEEN DISMISSED UNDER CIV RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE A MOTION TO DISMISS UNDER 12(B)(6) IS REQUIRED BY THE RULE TO BE MADE BEFORE AN ANSWER WAS FILED. IN THIS CASE THE PLAINTIFF ANSWERED THE COUNTERCLAIM LONG BEFORE FILING THE MOTION TO DISMISS. APPELLEES FOR THIRD PARTIES WERE NEVER SERVED WITH THIRD PARTY COMPLAINTS."
 III {¶ 8} "THE COURT BELOW ERRED IN FINDING, `THERE ARE NO CURRENT ACTIONABLE CLAIMS TO BE LITIGATED' BECAUSE THIS IGNORES VIABLE CLAIMS NOT DISPOSED OF, THE NATURE OF SOME OF WHICH ARE AS FOLLOWS:
 {¶ 9} "A. IN PLAINTIFF'S COMPLAINT, ADDITIONAL CLAIMS WERE MADE FOR MONEY BESIDES FOR EVICTION.
 {¶ 10} "B. IN THE COUNTERCLAIM AND PROFFERS FOR AMENDMENT:
 {¶ 11} "(1) AN ACCOUNTING FOR THE REFUND OF DEFENDANT-APPELLANT'S DEPOSITS FROM 1986 TO 2001, PLUS INTEREST.
 {¶ 12} "(2) OTHER BREACHES OF AGREEMENT AS FOR RIGHT TO PEACEABLE ENJOYMENT OF PROPERTY."
 IV {¶ 13} "THE COURT BELOW DISREGARDED ELEMENTS OF NOTICE PLEADING FOR CLAIMS AND REQUIRED SURPLUSAGE FACTUAL CAUSES OF ACTION PLEADING AND INDICATED THAT THE COURT DID NOT THINK SHE COULD PROBABLE PROVE HER COMPLAINTS. THERE WAS NO OPPORTUNITY GIVEN TO PROVIDE ANY AFFIDAVITS OR OTHER PROOF. THE COURT DISREGARDED THE AMENDMENTS AND PROFFERS AND MOTION TO EXTEND TIME, STAYING ALL SUCH. THE COURT MADE NO FINDING CONCERNING ALLEGATIONS OF MALICIOUS PROSECUTION, DISREGARDED THE COURT'S DUTY TO SEEK JUSTICE EVEN IF IT BECAME NECESSARY TO LOOK BEYOND THE CLAIMS IN THE PLEADINGS."
 V {¶ 14} "THE COURT BELOW ERRED DISMISSING DEFENDANT'S THIRD CLAIM `FOR DEFAMATION.', BY NOT CONSIDERING BESIDES WHAT APPEARED IN THE COUNTERCLAIM THAT WHICH WAS ADDED IN THE PROFFERS OF CLAIMS WITH MOTIONS TO AMEND THE COUNTERCLAIM. THE COURT DID NOT SEEK BEYOND THE CLAIMS TO OBTAIN JUSTICE. THE MOTIONS FOR EXTENSION OF TIME TO ALLOW FOR DISCOVERY THROUGH THE TRIAL TO DEVELOP THE CLAIMS FOR SLANDER AND DEFAMATION TO ENABLE DISCOVERY OF OTHERS WHO SHOULD BE CHARGED WITH SPREADING THE UNTRUTHFUL RUMORS THAT HAVE BEEN ALLEGED TO HAVE DAMAGED THE DEFENDANT-APPELLANT SHOULD NOT HAVE BEEN STAYED."
 VI {¶ 15} "IT WAS ERROR TO DISMISS DEFENDANT'S FIFTH CLAIM `FOR INVASION OF PRIVACY' BECAUSE ADEQUATE VIABLE NOTICE OF SUCH CLAIM WAS GIVEN IN THE COUNTERCLAIM. THE COURT BELOW SHOULD NOT HAVE LIMITED CONSIDERATION ONLY TO THE COUNTERCLAIM CLAIMS BUT SHOULD HAVE CONSIDERED THE AMENDMENTS PROFFERED BY MOTIONS ON `INVASION OF PRIVACY' TO SUPPLEMENT, AND AMEND. THE COURT SHOULD NOT HAVE REQUIRED FURTHER NOTICE OF WHICH KIND OF INVASION OF PRIVACY WAS INVOLVED WHICH WAS SUFFICIENTLY INDICATED. FACT AND CAUSE OF ACTION TECHNICAL PLEADING, AS SUCH DOES NOT CONFORM TO CIV R 8(A) NOTICE PLEADING STANDARDS. AGAIN THE COURT NEGLECTED THE DUTY TO SEEK JUSTICE."
 I {¶ 16} Appellant claims the dismissal of her counterclaim was not a final appealable order because it was dismissed "without prejudice." We disagree.
 {¶ 17} Pursuant to R.C. 2505.02(B), an order "is a final order that may be reviewed, affirmed, modified, or reversed" if it is an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment." The granting of a motion to dismiss is a final appealable order "when all the claims of all the parties have been decided." Alexander v. Buckeye Pipeline Co. (1977), 49 Ohio St.2d 158.
 {¶ 18} In this case, the trial court dismissed appellant's counterclaim and concluded "because the Plaintiff's original cause of action for forcible entry and detainer has been adjudicated at the Canton Municipal Court, I find there are no current actionable claims to be litigated." We agree with this analysis.
 {¶ 19} Upon review, we find the dismissal of the counterclaim is a final appealable order pursuant to R.C. 2505.02.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant argues the Civ.R. 12(B)(6) motion to dismiss the counterclaim was untimely as an answer had already been filed. We disagree.
 {¶ 22} Pursuant to Civ.R. 12(H)(2), a motion brought under Civ.R. 12(B)(6) for failure to state a claim "may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits."
 {¶ 23} Appellee had been granted leave to file the motion to dismiss. See, Order filed July 11, 2002.
 {¶ 24} Upon review, we find the motion to dismiss was timely.
 {¶ 25} Assignment of Error II is denied.
 III {¶ 26} Appellant claims the trial court erred in dismissing the entire case and in finding "there are no current actionable claims to be litigated." We disagree.
 {¶ 27} Appellant argues unlitigated claims remain i.e., the return of the security deposit plus interest, harassment, invasion of privacy and defamation. We disagree the claims for harassment, invasion of privacy and defamation remain viable. Those claims were dismissed by the trial court's judgment entry of December 11, 2002. As for the claim for the return of the security deposit plus interest, the counterclaim filed June 26, 2001 did not request any return of security deposit or interest therefore, the issue was not properly before the trial court.
 {¶ 28} Upon review, we find the trial court did not err in finding "there are no current actionable claims to be litigated."
 {¶ 29} Assignment of Error III is denied.
 IV, V, VI {¶ 30} In these assignments, appellant claims the trial court erred in granting appellee's motion to dismiss pursuant to Civ.R. 12(B)(6). We disagree.
 {¶ 31} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.Byrd. v. Faber (1991), 57 Ohio St.3d 56.
 CONSTRUCTIVE EVICTION {¶ 32} In Count 1 of her counterclaim, appellant claimed she had a viable claim for constructive eviction. Constructive eviction occurs when "the acts of interference by the landlord compel the tenant to leave, and***he is thus in effect dispossessed, though not forcibly deprived of possession." Liberal Savings Loan Co. v. Frankel Realty Co. (1940),137 Ohio St. 489, 499, quoting 2 Tiffany Landlord and Tenant, 1263, Section 185(d).
 {¶ 33} As the file clearly illustrates, appellant remained on the premises until the Canton Municipal Court granted a judicial eviction of appellant from the premises pursuant to R.C. 1923.06. The magistrate's June 25, 2001 findings of fact indicate appellant "has failed to vacate the property in accordance with the above mentioned notice." A writ of restitution was issued on July 2, 2001.
 {¶ 34} Upon review, we find the trial court did not err in dismissing the claim for constructive eviction.
 NEGLIGENT SUPERVISION {¶ 35} In Count 2 of her counterclaim, appellant claimed the lack of proper training and supervision by appellee of its agents resulted in her constructive eviction. Since the constructive eviction claim fails, so too does this claim for negligent supervision.
 {¶ 36} Upon review, we find the trial court did not err in dismissing the claim for negligent supervision.
 DEFAMATION {¶ 37} In Count 3 of her counterclaim, appellant claimed defamation pursuant to Counts 1 and 2. Since Counts 1 and 2 fail, so too does Count 3. In addition, the claim for defamation was not made with reference to date or venue. Further, it is possible the defamation claim was predicated on the eviction action which is protected by absolute privilege in the context of the eviction action.
 {¶ 38} Upon review, we find the trial court did not err in dismissing the claim for defamation.
 ASSAULT {¶ 39} In Count 4 of her counterclaim, appellant claimed Sandi Jindra, appellee's apartment manager, "assaulted her when she undertook to pay her June rent." We note appellant is correct that since 1970, Ohio is a notice pleading state:
 {¶ 40} "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.
 {¶ 41} "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Civ.R. 8(A) and (E)(1), respectively.
 {¶ 42} The assault claim does not reference a date or venue, and is predicated on the constructive eviction claim. The claim is too vague and does not set forth sufficient allegations to support the claim for assault.
 {¶ 43} Upon review, we find the trial court did not err in dismissing the claim for assault.
 INVASION OF PRIVACY {¶ 44} In Count 5 of her counterclaim, appellant claimed Ms. Jindra, "in concert with others undertook actionable invasions of the right of privacy of the defendant." Again, the claim failed to reference a date or venue. As the trial court noted, the bare claim of invasion of privacy fails because it does not put appellant on notice as to basis in fact for the claim. Assuming the invasion of privacy claim is predicated on the initiation of the eviction action, we find such claim to be protected by absolute privilege.
 {¶ 45} Upon review, we find the trial court did not err in dismissing the claim for invasion of privacy.
 INFLAMMED TENANTS {¶ 46} In Count 6 of her counterclaim, appellant claimed Ms. Jindra, "in concert with other employees, agents and representatives have inflamed other tenants as to cause them to take positions against the defendant." Again, there is no reference to dates or venue. Appellant avers appellee's agents spread rumors and gossip and "caused other tenants to be afraid to come forward to testify on behalf of the Defendant." As a result, appellant experienced "expense, pain and suffering, both physical and mental."
 {¶ 47} The facts enumerated in the counterclaim in no way reflect on such a claim and the averments of Count 6 do not put appellees "on notice" of any claim against them.
 {¶ 48} Upon review, we find the trial court did not err in dismissing the claim for inflamed tenants.
 {¶ 49} Interwoven throughout these assignments is the argument that the trial court erred in staying "[a]ll other motions regarding the counterclaim and the two defendants***pending the Court's ruling on the amended counterclaim." See, Order filed July 11, 2002.
 {¶ 50} This matter had been pending in the Canton Municipal Court since May 17, 2001. It was transferred to the Court of Common Pleas on June 17, 2002. The staying of further motions and filings is within the sound discretion of the trial court. Clearly, the date for responsive pleadings to the initial eviction and counterclaim had passed. We fail to find any error in so ordering the cessation of filings. The matter had already taken up two filing jackets plus separately bound briefs.
 {¶ 51} Assignments of Error IV, V and VI are denied.
 {¶ 52} Although not specifically assigned as error in appellant's second amended brief, appellant appealed the trial court's December 12, 2002 judgment entry denying her request to bring in Steven Mikstay as a third party defendant. We note the case was dismissed on December 11, 2002 "without prejudice" and was resolved other than on the merits. Civ.R. 41(B)(4).
 {¶ 53} Upon review, we fail to find any prejudice to appellant in the denial of her request to bring in Mr. Mikstay as a third party defendant to a dismissed action.
 {¶ 54} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J., and Wise, J. concur.