[Cite as *Auflick v. Healthcare Industries*, 2013-Ohio-3860.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| Scott Auflick, Administrator of the Estate of Barbara Auflick, Deceased, et al., | : | Case No. 12CA27 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| Healthcare Industries Corp., | : | |
| d/b/a Hickory Creek of Athens, Inc., et al. | : | **RELEASED: 09/05/2013** |
| | : | |
| Defendants-Appellees. | : | |

_____

APPEARANCES:[1]

Michael C. Skouteris and Russell W. Lewis, IV, SKOUTERIS & MAGEE, Memphis, Tennessee, and Gordon D. Evans, III, THE DONAHEY LAW FIRM, Columbus, Ohio, for appellants.

Ernest W. Auciello, Jane F. Warner, and Susan M. Audey, TUCKER ELLIS LLP, Cleveland, Ohio, for appellee 51 The Plains d/b/a Hickory Creek Nursing Center.[2]

_____

Harsha, J.

**{¶1}** Scott Auflick, administrator of the estate of Barbara Auflick, and Robert Auflick sued various defendants for Barbara's wrongful death among other things. The Auflicks now appeal the trial court's decision to grant the defendants summary judgment on their survivorship and loss of consortium claims. However, a claim for wrongful death against one defendant remains pending. And because the trial court did not certify that there was "no just reason for delay" as Civ.R. 54(B) requires, we lack jurisdiction to consider this appeal and must dismiss it.

_____

[1] Defendants below Healthcare Industries Corp. and Tandem Healthcare, Inc. have not filed an appearance or otherwise participated in this appeal. However, it does not appear that the Auflicks ever served Tandem with a copy of their notice of appeal or appellate brief. And it does not appear that the Auflicks served Healthcare Industries with a copy of their appellate brief.
[2] In its appellate brief, 51 The Plains refers to itself as "d/b/a Hickory Creek Rehabilitation Center." However, we have used the d/b/a name set forth in the complaint.

## I.  Facts

**{¶2}**    In 2008, the Auflicks filed suit against 51 The Plains, Healthcare Industries, Corp., and Tandem Healthcare, Inc.  In May 2010, the trial court granted the defendants partial summary judgment.  Before the remaining claims were resolved, the Auflicks evidently filed a Civ.R. 41(A) voluntary dismissal of their lawsuit.  In January 2011, the Auflicks re-filed their lawsuit and brought survivorship, wrongful death, loss of consortium, and spoliation of evidence claims against the defendants.  In response to various motions for partial summary judgment, the trial court dismissed all of the claims except those for wrongful death.  Subsequently, in a judgment entry dated August 27, 2012, the court stated that the Auflicks "settled their claim" with Healthcare Industries. The court also stated that the "remaining issues were duly tried" and that the jury rendered a verdict in favor of 51 The Plains.  However, this entry does not indicate a resolution of the wrongful death claim against Tandem.  After the court issued the entry, this appeal followed.

## II.  Assignment of Error

**{¶3}**    The Appellants assign one error for our review:

The Court of Common Pleas erred when it granted partial summary
judgment to the Defendants, dismissing Counts IV, V, VI, VII, and XI of the
complaint (Plaintiffs' survivorship and loss of consortium claims).  *See*
Decision on Motion for Partial Summary Judgment; Judgment Entry, filed
May 27, 2010 ("Judgment Entry"), at p.8.

## III.  No Final, Appealable Order Exists

**{¶4}**    Before we address the merits of this appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of

record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2); *see* R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. Gallia No. 07CA7, 2008-Ohio-4755, ¶ 11. In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte. *Sexton v. Conley*, 4th Dist. Scioto No. 99CA2655, 2000 WL 1137463, *2 (Aug. 7, 2000).

{¶5} An order must meet the requirements of R.C. 2505.02 to constitute a final, appealable order. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶6} Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. *See Chef Italiano Corp.* at 88. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent the mandatory language

that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see* Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipeline*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

{¶7}   Here, the case obviously involves multiple parties and claims. Although the majority of the claims have been resolved, in our review of the record we found no information about the status of the wrongful death claim against Tandem. We alerted the parties to this issue and instructed them to be prepared to discuss it at oral argument. Subsequently, the Appellants waived oral argument. Because the Appellants have not directed our attention to any place in the record that establishes the trial court resolved the wrongful death claim against Tandem, we must conclude that claim remains pending. And because the trial court did not certify that there was "no just reason for delay" as Civ.R. 54(B) requires, we lack jurisdiction to consider this appeal. Accordingly, we dismiss the appeal for lack of a final, appealable order.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**